GEORGE H. RANDALL *vs.* SAMUEL A. WAY & others.

If A. B. deposits money belonging to C. D. with bankers in the name of "A. B., trustee," and the bankers are summoned as trustees of A. B., and judgment goes against them by default, a payment by them on this judgment will discharge their liability, although they know that A. B. is trustee for C. D., if C. D. has knowledge of the trustee process but neglects to appear therein as claimant.

CONTRACT by "George H. Randall, trustee of Henry Randall," against Samuel A. Way, Francis O. French and E. M. Simmons, to recover $100, the balance of a bank account kept with the defendants, who were bankers. Writ dated December 9, 1869.

At the trial at January term 1872, of the Superior Court, before *Scudder*, J., the plaintiff testified that he made a deposit with the defendants in the name of " George H. Randall, trustee; " that the accounts were kept in the name of " George H. Randall, trustee; " that the money deposited belonged to Henry Randall, and that he so told the defendants at the time of the first deposit.

It appeared that on September 18, 1869, Harvey B. Wilmot brought an action against George H. Randall, and summoned these defendants as trustees; that these defendants were charged as

trustees; that in October 1870, judgment was rendered against George H. Randall, the defendant, for $86.03, and these defendants, on demand, paid that sum to the plaintiff in the trustee suit, and then immediately offered judgment in this suit for $13.97, the remainder of the deposit in their hands.

It further appeared that Henry Randall had notice of the trustee suit immediately after the service of the writ therein; that in December 1869 he went, with this plaintiff, to these defendants and demanded the deposit as his own; that they refused to pay it on account of the pendency of the trustee suit; and that on December 27, 1869, these defendants moved that the present suit should be continued till the termination of the trustee suit, which motion was allowed.

The defendants requested the judge to instruct the jury that " the judgment against these defendants in the trustee suit was a good discharge to the amount of the $86.03, paid by force of that judgment, and the plaintiff was only entitled to a verdict for the balance of the amount, namely, $13.97, without interest." This instruction the judge gave, but added this qualification, " unless the defendants had notice, before being defaulted in the trustee suit, that the money so deposited was the money of Henry Randall."

The jury returned a verdict for the plaintiff for $100 and interest, and the defendants alleged exceptions.

*E. M. Bigelow*, for the defendants.

*J. F. Pickering*, for the plaintiff.

BY THE COURT.  The presiding judge having instructed the jury, in accordance with the request of the defendants, that the judgment in the trustee suit was a good discharge to the amount paid by force thereof, added this qualification, " unless the defendants had notice, before being defaulted in the trustee suit," that the money deposited with them was the money of Henry Randall.  To this qualification the defendants except, and with good ground.

The debt created by the deposit was legally due to George H. Randall, notwithstanding the word " trustee " was added to his name.  Mere notice that the money was held by George as

trustee for Henry did not change the character of the debt, as between George and the defendants. The defendants, when summoned as trustees of George, were bound only to act in good faith towards the parties claiming an interest in the fund; and might fairly and properly leave it to them to protect their own rights. Henry Randall "had notice of the trustee suit immediately after the service of the writ therein;" and thus had ample opportunity "to appear and maintain his right." Gen. Sts. c. 142, § 15. *Knights* v. *Paul*, 11 Gray, 225. *Boylen* v. *Young*, 6 Allen, 582. He had still further opportunity when this action was postponed "till the termination of the trustee suit." Having neglected to make his claim there, he cannot now disregard that judgment and enforce his mere equitable claim upon the funds in the hands of the defendants. Those funds are bound by the judgment, and he must seek his remedy for the loss against his own trustee. *Exceptions sustained.*