## A. A. WART vs. E. MANN & another.

Middlesex.   Jan. 11. — June 29, 1878.   AMES & LORD, JJ., absent.

A., who was in the employ of a firm composed of B. and C., entered into an oral agree-
ment with B., by the terms of which B. was to give him steady employment, and A
was to purchase of B. a lot of land, to be paid for by instalments of his wages
until a certain sum was paid. After several instalments had been paid to B., he
and C. were summoned as trustees in an action against A. *Held*, that no fraud
appearing in the agreement between A. and B., and it appearing also that A. had
been paid in full for his labor by the firm at the time of the service of the writ upon
B. and C., neither of them was chargeable as trustee.

SCIRE FACIAS upon a judgment recovered by the plaintiff
against the defendants in a trustee process, in which they were
summoned as trustees of Frank Stevens. Writ dated Novem-
ber 25, 1876. The case was submitted to the Superior Court,
and, after judgment for the defendants, to this court, on appeal,
on an agreed statement of facts in substance as follows :

In November, 1873, Stevens was in the employ of the defend-
ants as a shoemaker, working by the piece and being paid when
the work was returned. On November 13, Stevens and the de-
fendant Brackett entered into an oral agreement that Brackett
should find steady work for Stevens with the defendants when
the factory ran ; and that Stevens should buy of Brackett a cer-
tain lot of land and pay him therefor the sum of $400 on the
following terms : one half of all the wages which he should earn
in the employ of the defendants, until the $400 were paid ; when
$100 should be paid, then Stevens was to have a deed of the
property and give back a mortgage for $300, on two years, at
six per cent. ; if Stevens neglected to work for the defendants
steadily, and keep his agreement to pay one half his wages as
aforesaid, before he should pay the $100, then the amount paid
at the time of failure on his part was to be forfeited to Brackett,
and be his property, and he was to be released from his agree-
ment to convey.

When the defendants were served with the trustee process in
the original action against Stevens, Brackett had been paid the
sum of $49.56 by Stevens on his agreement.

If the defendants, or either of them, were chargeable as trustees
for the above amount in the original action against Stevens,

judgment was to be entered for the plaintiff for the sum of $27.32, and interest from March 7, 1874; otherwise, judgment was to be entered for the defendants.

*B. F. Briggs*, for the plaintiff.

*B. E. Perry & S. W. Creech, Jr.*, for the defendants.

SOULE, J. It appears from the agreed statement that before the plaintiff's writ in the original action was served on these defendants as trustees of Stevens, the principal defendant therein, Stevens, had earned wages in their employ. He had been paid in full, and there were no funds in the hands of the trustees, unless the payment of forty-nine dollars and fifty-six cents to the defendant Brackett, out of those wages, was void as against the plaintiff. This payment was actually made, as we understand the agreed statement, and with the assent of Stevens, before the trustee process was served, in part fulfilment of an oral contract between Stevens and Brackett for the purchase by Stevens from Brackett of certain lands, the deed of which was to be given only on payment of one hundred dollars on or before a certain day. There is nothing to show, and it is not contended, that this agreement was a fraudulent or colorable arrangement made to hinder creditors; and we must treat it as having been entered into honestly. This being so, the payment was a valid one, and took the money out of the hands of these defendants, and relieved them from responsibility to Stevens in regard to it. Brackett cannot be held individually in this suit, for various reasons. He was not summoned as trustee, except as one of the firm composed of both defendants. He was not charged in the original action, except as a member of that firm. And when he received the money he did not become a debtor of Stevens, because the money was paid in performance of an obligation on the part of Stevens to him, which was so far binding that Stevens could not recover it in an action against him without showing that he had refused or was unable to perform the contract on his part. *Congdon* v. *Perry*, 13 Gray, 3. That he had refused or was unable to perform it, is not contended. The result is, that the defendants had no goods, effects or credits of Stevens in their hands, possession or control, when the trustee process was served on them, and are entitled to judgment.

*Judgment affirmed.*