*Exceptions overruled.*

JORDAN MARSH COMPANY *vs.* WALTER S. HALE
& another, & trustee.

Suffolk.    November 20, 1914. — December 29, 1914.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Trustee Process.  Evidence,* Presumptions and burden of proof.  *Bank.*

A trust company, which was summoned as trustee in an action begun by trustee process, stated in its answer that at the time of the service of the writ it had no funds in its possession belonging to the defendant.  In answer to interrogatories filed by the plaintiff the alleged trustee testified by its cashier that it had a deposit standing in the name of the defendant with the word "Agent" following his name, and that this account was drawn upon by checks signed by the defendant with the word "Agent" thus following his name. *Held,* that on these answers of the trustee, without other evidence, the plaintiff had failed to prove that the fund was the property of the defendant, and that the alleged trustee could not be charged.

APPEAL from an order of the Superior Court charging the Old Colony Trust Company, a corporation, as trustee in the above entitled case.  The answer of the alleged trustee to the writ was as follows:

"And now L. D. Seaver, Cashier of the Old Colony Trust Company, the corporation summoned as Trustee for the principal defendants in the above entitled action, appears and makes answer that at the time of the service of the plaintiff's writ upon said Company it had not in its possession any goods, effects or credits in the names of either Walter S. Hale or Harriett C. Hale, or both, and prays that said Trust Company may be discharged and for its costs.

Old Colony Trust Company,<br>by L. D. Seaver, Cashier."

This was sworn to by the cashier before a notary public.
The answers of the alleged trustee to the interrogatories filed

by the plaintiff, which are referred to in the opinion, were made by its cashier and were sworn to before a justice of the peace. The material answers were as follows:

"Int. 4. At the time of the service of the writ in this action, there were no accounts on the Trust Company's books in either of the names 'Walter S. Hale,' or 'Harriett C. Hale.'"

"Int. 6. At the time of the service of the writ in this action, there was an account on the books of the Trust Company in the name of Walter S. Hale, Agent."

"Int. 11. The account referred to in 'Answer 6' was drawn upon by checks signed 'Walter S. Hale, Agent.'"

The plaintiff moved that the Old Colony Trust Company summoned as trustee be charged upon its answers to the plaintiff's interrogatories.

The motion was heard by *Jenney*, J., who made an order that it be allowed. The alleged trustee appealed.

*S. H. Pillsbury*, (*H. C. Tuttle* with him,) for the Old Colony Trust Company.

*C. A. Mendall*, for the plaintiff.

CROSBY, J. The only question in this case is whether the Old Colony Trust Company is to be charged as trustee of Walter S. Hale, one of the principal defendants. The trustee, in answer to interrogatories filed by the plaintiff, stated that at the time of the service of the writ there were no accounts on its books in the name of either of the principal defendants. In further answer to interrogatories the trustee stated that at the time of the service of the writ upon it there was an account upon its books in the name of "Walter S. Hale, Agent," and that this account was drawn upon by checks signed "Walter S. Hale, Agent." The record discloses no other evidence as to the ownership of the deposit.

In a trustee process, the burden of proof is upon the plaintiff to show that the trustee has in his possession goods, effects or credits of the principal defendant. The trustee is to be charged or not as the evidence predominates; and, if it is not affirmatively proved by his answers or by other evidence that he is chargeable, then he is to be discharged. The name of the principal defendant set forth in the writ is not the name in which the deposit stands upon the books of the trustee. *Terry* v. *Sisson*, 125 Mass. 560.

The answers of the trustee will not necessarily conclude either the plaintiff or a claimant to the fund, and while the plaintiff cannot contradict or impeach the trustee, he has the right to examine him from time to time upon interrogatories, to elicit facts to determine the ownership of the fund. This question involves inferences of fact and conclusions of law.

The trustee in its answer affirms that it has no funds in its possession belonging to the principal defendants, but that it has a deposit standing in the name of "Walter S. Hale, Agent." Upon this record, it would appear *prima facie* that the deposit did not belong to the principal defendant but that it is the property of an undisclosed principal. Whether there is such a principal, or whether the deposit was so made by the defendant Hale (as the plaintiff contends) to protect the fund from attachment by his creditors cannot be determined upon the record. There is no evidence of collusion on the part of the trustee, or that it is not acting in good faith.

We are of opinion that, upon the answers of the trustee, without other evidence, the plaintiff has failed to prove that the fund is the property of Walter S. Hale. Unless upon answers to further interrogatories or other evidence, the principal defendant Hale is found to be the owner of the money, the trustee cannot be charged. R. L. c. 189, § 15.

The case of *Randall* v. *Way*, 111 Mass. 506, relied on by the plaintiff, is not an authority in its favor, notwithstanding certain language found in the opinion. That case decided that, where a deposit which was made in the name of the depositor as trustee was trusteed as the property of the depositor and was paid over by the trustees after a judgment, the trustees were not liable to pay it a second time in an action brought against them by the beneficial owner of the money who "had notice of the trustee suit immediately after the service of the writ therein," but made no claim to the funds in that action. That was the only question decided and is not an authority in favor of the contention of the plaintiff in the case at bar. 20 Cyc. 1046, 1101. In *Proctor* v. *Greene*, 14 R. I. 42, money was deposited with the trustee in the name of the principal defendant as agent. The record shows that the trustee filed an affidavit and made answer to interrogatories, but what the evidence was does not appear. The court held that

as no person was disclosed as principal the trustee was chargeable. The decision in that case is not in conflict with the conclusion which we have reached in the case at bar.

Let the entry be

*Judgment reversed; case to stand for further hearing.*