FREDERICK K. DAY *vs.* OLD COLONY TRUST COMPANY.

Suffolk. November 18, 1918. — February 27, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Conservator. Contract,* Implied in law. *Bank.*

Where a conservator makes a deposit in a bank in his own name as conservator for his ward and thereafter the ward dies and the bank pays the amount of the deposit to the executor of the will of the ward without any order from the conservator to do so and before the conservator's account has been passed upon by the Probate Court, the conservator can demand from the bank the payment to him of the amount of the deposit and, on its refusal, can recover that amount from the bank in an action of contract.

*Day* v. *Old Colony Trust Co.* 228 Mass. 225, affirmed after a new trial and an amplified presentation of facts.

CONTRACT to recover $18,254.84 alleged to have been had and received by the defendant to the plaintiff's use, being the amount of a deposit alleged to have been held by the defendant for and subject to the order of the plaintiff as conservator of the property of Anna W. Meeker, late of Newton, and alleged to have been paid by the defendant without the consent of the plaintiff to the executor of the will of Anna W. Meeker. Writ dated June 3, 1915.

In the Superior Court the case first was tried before *J. F. Brown,* J., who ordered a verdict for the defendant and at the request of the plaintiff reported the case for determination by this court. In a decision reported in 228 Mass. 225, it was held that it was error to direct a verdict for the defendant and that there must be a new trial.

There was a new trial of the case before *Lawton,* J., which is described in the opinion. At the close of the evidence the plaintiff asked the judge to make the following rulings:

"1. That upon all the evidence and as a matter of law the plaintiff is entitled to recover the amount set forth in the declaration and therefore your verdict should be for him in the sum of $18,-254.84 with interest thereon from October 20, 1913.

"2. That if you find that the account in question stood on the defendant's books 'Frederick K. Day, Conservator for Anna W. Meeker,' then as a matter of law the defendant became indebted to the plaintiff, the title was in the plaintiff and in the absence of any evidence of payment by the defendant to the plaintiff the verdict must be for the plaintiff for the said sum with interest thereon from October 20, 1913.

"3. That, if you find that the account in question stood on the defendant's books 'Frederick K. Day, Conservator for Anna W. Meeker,' then you must find that a contract of deposit was made by the defendant with the plaintiff and therefore your verdict should be for the plaintiff for the said sum with interest thereon from October 20, 1913."

The judge refused to make any of these rulings and submitted to the jury the two questions quoted in the opinion, to which they returned the answers there stated. Thereupon the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. P. Jackson, Jr.,* (*R. Frothingham* with him,) for the plaintiff.
*S. M. Child,* for the defendant.

RUGG, C. J. This case was before the court in 228 Mass. 225. The facts as disclosed on this record are much amplified and quite different from those presented by the earlier record. It now appears, by testimony of a vice president of the defendant and hence binding upon it, that the history of the account in question was this: On April 5, 1906, a checking account was opened in this form, "Mary E. Allen, Attorney for Anna W. Meeker." The pass book

issued by the defendant showed that it was "Old Colony Trust Company Boston In account with Mary E. Allen, Atty for Anna W. Meeker." That account stood on the books of the defendant under the alphabetical classification "A," which indicated Allen as the depositor, and not under "M," which would have indicated Meeker as the depositor. In October, 1906, Day presented to the defendant a certificate of his appointment as conservator of the estate of Anna W. Meeker, together with a check for $320.55, being the amount then due on the account, drawn by "Mary E. Allen Atty, for Anna W. Meeker" "to the order of Frederick K. Day conservator." The check was indorsed, "Received on the within check Three hundred twenty 55/100 Dollars Fredk. K. Day Conservator," and was perforated by the defendant as sign of its cancellation. Thereafter "Frederick K. Day conservator" was substituted for "Mary E. Allen, Atty" on the books of the defendant and the account was transferred to the alphabetical classification "D," signifying Day as depositor. Otherwise no change was made. Statements were issued monthly showing the form of the account and of the deposit as thus described. On October, 1913, the balance due on this account, being $18,254.84, was paid to John L. Nichols, executor of the will of Anna W. Meeker without any order from Day.

This evidence was in substance all in writing and there was no further documentary evidence. There was oral testimony of the vice president of the defendant to the effect that Anna W. Meeker had a checking account with the defendant, that is to say the account opened in the name of Mary E. Allen, Atty for Anna W. Meeker; that the meaning of the transaction manifested by the check signed by her to the order of Frederick K. Day conservator was that it was paid to Day as conservator and an account opened by him with that check, and that although there was no transfer of money there was a change from the letter "A" to the letter "D" on the ledger of the defendant, and that Day could have taken the money and put it in any other bank if he had desired to do so; that where an account stood "in the name of a conservator or guardian, it was always considered the property of the person who had the original account . . . the principal, always." This we understand to mean that it was considered as the property of the ward. There was no evidence that this opinion of the witness was ever

brought to the attention of Day. He did not testify. This in substance was all the material evidence.

The judge refused to order a verdict for the plaintiff and submitted two questions to the jury, as follows: "1. 'Did the account in question on October 10, 1906, and on October 20, 1913, stand in the name of Frederick K. Day, Conservator for Anna W. Meeker?' 2. 'Was the fund in question deposited by Frederick K. Day to the credit of Frederick K. Day, conservator for Anna W. Meeker?' The jury answered 'Yes' to the first question and 'No' to the second question, whereupon a verdict was ordered for the defendant."

The case presented so far as appears on this record is the ordinary one of a person holding a trust appointment under the law from the Probate Court, who has kept his trust funds separate and distinct, has administered his trust with fidelity and is ready to account promptly according to law upon the termination of his trust. It is not a case where the Probate Court has made any special order as to the transfer of the funds or securities to a new appointee or to the owner. The law under such circumstances was settled in this Commonwealth after elaborate discussion and review of authorities in *Foster* v. *Bailey*, 157 Mass. 160. That was a case of one administrator *de bonis non* succeeding another. It there was said, page 163, that " although on the death of Frothingham [the first administrator *de bonis non*] and the appointment of the plaintiff [as the second administrator *de bonis non* of the same estate] the title to all the property of the two Larkin estates which had been in his possession vested in the plaintiff, yet he took the title subject to all liens or rights of retainer." It was held that the second appointee could not maintain a bill in equity to secure possession of the trust estate from the one whose term had expired until after the settlement of his accounts by the latter in the Probate Court. Whatever might be the respective rights of the plaintiff and the executor of the will of Anna W. Meeker as between themselves, the defendant had no relations with anybody save the plaintiff. There would be great incongruity in holding that the executor could not maintain a suit in equity directly against Day to secure possession of the deposit (as was decided in *Foster* v. *Bailey*, 157 Mass. 160), and yet could rightfully secure possession of it from a depositary surreptitiously and without the

knowledge or consent of the plaintiff. The orderly procedure is for the conservator forthwith to prepare and present his account to the Probate Court and procure its allowance. Then, having settled his account there, at once to turn over to the executor the balance due on the accounting. As was said when the case was here before, "Although the particular funds when deposited became the property of the defendant trust company, . . . if they were not deposited to the ward's credit but were in the name of 'Frederick K. Day, Conservator for Anna W. Meeker,' the defendant became indebted to the plaintiff. Under these circumstances it agreed to hold the funds subject to his order and to pay on his demand; the title was in him, not in Anna W. Meeker, and on the defendant's refusal he could bring an action to recover the amount of the deposit. . . . While the death of the ward ended the authority of the conservator, . . . the title to the deposit, if it stood in his name, belonged to the plaintiff; he was a creditor of the defendant and continued so after the ward's death. The defendant could not legally deprive him of the money or pay it to another without his consent." The defendant was charged with notice of the trust nature of the account, and of Day's fiduciary relation to it. But it was not for the defendant to ignore its relations with the plaintiff and of its own motion without order of court recognize a stranger to it as entitled to the fund. The words quoted from the earlier opinion are decisive of the case as now presented. There was no evidence to support any other conclusion than that the deposit was in the name of Frederick K. Day, conservator for Anna W. Meeker, or than that it was deposited to the credit of Frederick K. Day, conservator for Anna W. Meeker. This was the inevitable inference from the facts conceded by the defendant. There is nothing inconsistent with this conclusion in *Lawrence* v. *Wright*, 23 Pick. 128, *McKim* v. *Mann*, 141 Mass. 507, *Richmond* v. *Adams National Bank*, 152 Mass. 359, or *City National Bank* v. *Charles Baker Co.* 180 Mass. 40.

It follows that the first prayer directing a verdict for the plaintiff for the sum confessedly due on the account should have been granted.

*Exceptions sustained.*