S. S. PIERCE COMPANY *vs.* ABBIE M. FISKE & trustee.

Suffolk.    October 22, 1920. — January 6, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Trustee Process.    Executor and Administrator.*

In an action by trustee process in which the defendant had been defaulted, it appeared that the trustee had funds in his hands which were royalties from copyrights formerly owned by the defendant's husband, who had died and whose will had been allowed eighteen years before the action was begun, that the defendant was the sole legatee named in the will and that she was appointed executrix, that she had filed no account in the Probate Court and that the estate had not been represented insolvent. There was no evidence that the defendant dealt with the property of the estate of her husband as her own. The widow, in her capacity as executrix, claimed the funds in the hands of the alleged trustee. *Held,* that

(1) The trustee at the time of service upon him had in his possession no goods, effects or credits belonging to the defendant, and should be discharged;

(2) The fact that the widow in her capacity as executrix had neglected for eighteen years to file an account in the Probate Court was not in itself sufficient to show that the title to the property had vested in her as legatee.

A claimant in trustee process may be admitted as a party even if his title is not derived from the defendant by assignment and, upon his proving that there is nothing due from the alleged trustee to the principal defendant, the trustee must be discharged.

CONTRACT upon a judgment. Writ by trustee process in the Municipal Court of the City of Boston dated September 29, 1919.

The defendant was defaulted. The proceedings relating to the alleged trustee are described in the opinion. The judge of the Municipal Court charged the trustee and at the request of

the claimant reported the case to the Appellate Division, who dismissed the report. The claimant appealed.

*W. A. Lackey,* for the claimant.

*H. P. L. Partridge,* for the plaintiff, submitted a brief.

CARROLL, J. In this action on a judgment recovered against Abbie M. Fiske, she was defaulted. The trustee answered that it was holding sufficient funds to satisfy the judgment, and that the funds were royalties from copyrights formerly owned by John Fiske, the deceased husband of the defendant. Abbie M. Fiske was appointed executrix of the will of John Fiske which gave her all his property and which was allowed in 1901. She gave a bond in the sum of $200,000 without sureties. No account has been filed in the Probate Court and the estate has not been represented insolvent. As executrix of the will of John Fiske, she appeared as claimant, contending that whatever funds were due from the trustee were due her as the executrix of her husband's will and not personally, and for this reason they could not be held by trustee process for a debt owed by her as an individual. The plaintiff's motion to charge the trustee was allowed, and the claimant appealed.

The report states that the sole question in the case "is whether the money which Houghton Mifflin Company is holding belongs to the defendant Abbie M. Fiske in her capacity as executrix of the will of her husband, or whether the money belongs to her personally."

The trustee was chargeable if it had in its possession goods, effects or credits belonging to the defendant, Mrs. Fiske. R. L. c. 189, § 19. But it could not be held as her trustee under the statute unless the relation of debtor and creditor existed between them, and it had in its hands property which belonged to her. *Massachusetts National Bank* v. *Bullock,* 120 Mass. 86. *Field* v. *Crawford,* 6 Gray, 116, 117. *Wart* v. *Mann,* 124 Mass. 586. "To constitute the relation of trustee, there must be a privity of contract, express or implied, between the principal debtor in the trustee process and him who is sought to be charged as his trustee." *Williams* v. *Boardman,* 9 Allen, 570, 571. See *Hooker* v. *McLennan,* 236 Mass. 117.

Mrs. Fiske was the sole legatee under her husband's will, and although the will was allowed in 1901, no account has been filed

in the Probate Court and no distribution of the estate has been made. Under our law the settlement of the estates of deceased persons is under the direction of the Probate Court, its jurisdiction is exclusive, and the title to the personal property of a deceased person from the time of his death vests in his executor or administrator, and no one else can maintain an action for it. *Fletcher* v. *Fletcher,* 191 Mass. 211. *Hatch* v. *Proctor,* 102 Mass. 351, 353. *Lawrence* v. *Wright,* 23 Pick. 128. *Graffam* v. *Ray,* 91 Maine, 234. See *Moyer* v. *Bray,* 227 Mass. 303; *Day* v. *Old Colony Trust Co.* 232 Mass. 207; *S. C.* 228 Mass. 225.

The sole legatee could not retain the property against the executor, and until proper proceedings are taken in the Probate Court, the legatee could not maintain an action against the trustee. *Pritchard* v. *Norwood,* 155 Mass. 539. *Cathaway* v. *Bowles,* 136 Mass. 54. *Flynn* v. *Flynn,* 183 Mass. 365, and cases cited.

The trustee therefore did not have in its possession, when service of process was made, goods, effects or credits belonging to the defendant. The royalties from the copyrights held by it belonged to the executrix of the will of John Fiske and not to Mrs. Fiske individually.

The fact that Mrs. Fiske has neglected for eighteen years to file an account in the Probate Court, is not of itself sufficient to show that the title to the property has vested in herself as legatee, and mere delay did not give her ownership of the money. See in this connection *Field* v. *Hitchcock,* 14 Pick. 405.

If it were a question of taxation, Mrs. Fiske probably would continue to be liable to taxation in her capacity as executrix. St. 1909, c. 490, Part I, § 23, cls. 5, 7. *Welch* v. *Boston,* 211 Mass. 178. *White* v. *Mott,* 182 Mass. 195. There is nothing in *Massachusetts Institute of Technology* v. *Attorney General,* 235 Mass. 288, contrary to what is here decided. The plaintiff contends that the principle established in *Blood* v. *Kane,* 130 N. Y. 514, 518, *Matter of Mullon,* 145 N. Y. 98, *Cooper* v. *Cooper,* L. R. 7 H. L. 53, 65, to the effect that substantial proprietorship vests in the residuary legatee or next of kin subject only to the claims of creditors should be followed in the case at bar. But the statute, R. L. c. 189, regulating trustee process, gives the right to attach property in the hands of a third person only when the property belongs to the principal defendant. The remedy is limited by the statute, and

under our practice of supervising the settlement of estates of deceased persons, where the Probate Court has entire jurisdiction, it cannot be held in this proceeding that the settled practice should be disturbed, and that the property in question passed from the executrix to the legatee, without any action by the Probate Court, and where there is no evidence tending to show that this property was treated as hers. The record does not show that Mrs. Fiske dealt with the property of the estate as her own. See *Carleton* v. *Ashburnham*, 102 Mass. 348; *Williams* v. *Acton*, 219 Mass. 520.

While there is some conflict in the earlier decisions as to the right of an adverse claimant to show that there is nothing due from the trustee of the principal defendant, it is now settled that a claimant in trustee process may be admitted as a party even if his title is not derived from the defendant by assignment and the claimant may show that there is nothing due from the alleged trustee to the principal defendant. *Eastern Fur & Skin Co.* v. *Sternfeld*, 233 Mass. 210. *Wilde* v. *Mahaney*, 183 Mass. 455. *Sheehan* v. *Marston*, 132 Mass. 161. *Randall* v. *Way*, 111 Mass. 506.

As there was nothing due the defendant from the trustee, it should have been discharged.

> *Judgment dismissing the report reversed and an order is to be entered discharging the trustee.*