Pettingell, J.
Action of contract in which the plaintiff seeks to recover the amount of two deposits standing in her name in the defendant bank. The answer is a general denial and that the defendant, having been served with a trustee writ in an action in which later it was charged as trustee, had paid over the amount sued for when demand was made upon it by an officer by force of an execution directed against the defendant as such trustee.
The case comes to us upon a “ease stated” and the material facts agreed upon are, that the plaintiff had two ae *303 counts standing in her name in the defendant bank totalling the amount sued for; that these deposits were the property of the plaintiff, no other person having any interest in them; that one Berman, by a trustee writ, sued Jacob Karp, naming the defendant as trustee and directing the attachment of all funds of Jacob Karp in the possession of the trustee “whether standing in the name of the defendant and or in the name of Dorothy Karp”; that the defendant answered that “if it had an account standing in the name of Dorothy Karp on which there was a balance then due * * * and that it had no other goods, effects or credits of the said defendant (Jacob Karp) in its possession or control”; that the defendant was charged on motion and execution was issued against it as trustee on May 20,1935; that on May 21, 1935, the defendant paid to an officer, upon demand for payment by force of the execution issued against it as trustee, all funds standing in the name of the plaintiff; that upon service upon it of the trustee writ, the defendant wrote to the plaintiff notifying her of the service of the writ and stating that it was holding her balances pending the settlement of the case; that after paying the officer upon presentation of the execution, it again wrote her informing her what it had done.
There was a finding for the plaintiff. The defendant alleges error in the denial of certain requests for rulings.
The first three of these requests deal with the effect upon the plaintiff’s rights of the notification given by the defendant of the service of the writ, her failure to appear as a claimant, the subsequent charging of the defendant as trustee, and its payment upon demand of the funds of the plaintiff which it held.
The defendant, relying upon Randall v. Way, 111 Mass. 506, contends that the notice given the plaintiff placed upon her the duty to protect herself by appearing in the trustee action as a claimant and there advancing her title to the de *304 posits held by the defendant. In Randall v. Way, that result was reached but upon the facts in that case, it does not go far enough to create an absolute rule of law such as that upon which the defendant relies. In that case the plaintiff’s right to the fund attached was an equitable one. The original defendant had the legal title to the fund, and the court held that the plaintiff must “seek his remedy for the loss against his own trustee.” No other case since Randall v. Way has made this rule any broader. Central Trust Co. v. National Biscuit Co., 273 Mass. 319, at 323, goes no further than to say that the failure of a trustee to move to have the claimant joined did not create a liability to pay interest on the fund held by the trustee.
An examination of the history and development of the trustee process discloses that in its early stages the procedure as to claimants centered around assignments of the fund or credits held by the trustee. “A practice seems to have prevailed * * * that if the debt had been assigned, the assignee was required to notify the trustee, and before the latter was examined, to exhibit to him evidence of the assignment. It became the duty of the trustee in his answers to disclose this fact, with the evidences of the transfer, the validity of which was to be determined by the court. Unless such notice was given, payment by the trustee on execution operated as a discharge.” Hubbard v. Lamburn, 189 Mass. 296, at 297. Even later, when the claimant was allowed to intervene directly, it was held that the purpose of “allowing a claimant to intervene * * * is that there may be a final determination of all questions in which the claimant is interested, so that a judgment charging the trustee shall acquit the trustee of all demands by the defendant and those claiming under him who have had notice and an opportunity to be heard, as well as from all demands by the principal defendant himself.” Wilde v. Mahaney, 183 Mass. 455, at 459.
*305 It is apparent from these cases that the duty of a claimant to come in and defend her right arises when the right of the claimant is derived from the principal defendant. A different situation arises when the right of the claimant has nothing to do with the defendant but represents a title adverse or superior to the defendant’s. Sheehan v. Marston, 132 Mass. 161; Seward v. Arms, 145 Mass. 195; Eastern Fur & Skin Co. v. Sternfield, 233 Mass. 210, at 212; S. S. Pierce Co. v. Fiske, 237 Mass. 39, at 40, 41. And where the trustees had been charged, and had paid upon execution, but, before the trustees were charged, a warrant of insolvency had issued against the original defendant, the court said, in an action, by the assignee in insolvency, brought against the trustees who had paid,
“Upon these facts we think the defence to this action cannot be maintained. The payment by the defendants upon the judgment against them as trustees was a valid payment as against Holbrook (the original defendant), his executors and administrators. * * * But it had no validity against a party whose title intervened before the judgment against them was rendered, and whose title was superior to the attachment by which the fund had been held. * * * The defendants cannot be allowed to show that they had no notice of the insolvency, as the publication of the notice of the issuing of the warrant is legal notice to all persons, by which they are bound.” Butler v. Mullen, 100 Mass. 453, at 454, 455.
One summoned as trustee is liable only when a contractual relation exists between him and the defendant, Field v. Crawford, 6 Gray 116, at 117; Lane v. Felt, 7 Gray 491; Richards v. Stephenson, 99 Mass. 311, at 312; Williams v. Boardman, 9 Allen 570, at 571; Wart v. Mann, 124 Mass. 586, at 587; S. S. Pierce Co. v. Fiske, 237 Mass. 39, at 40, 41.
The mere fact that the alleged trustee holds funds to which the principal defendant is entitled is not enough to create such liability, Williams v. Boardman, 9 Allen 570, at 571; Wart v. Mann, 124 Mass. 586, at 587; Jordan Marsh Co. *306 v. Hale, 219 Mass. 495, at 497; S. S. Pierce Co. v. Fiske, 237 Mass. 39, at 40, 41.
If it appears from the trustee’s answers that the fund-held by the alleged trustee belongs to someone other than' the principal defendant, the trustee cannot be charged. Jordan Marsh Co. v. Hale, 219 Mass. 495, at 497.
The statute places no duty upon a claimant to intervene; but if his title is derived from the defendant and having had notice he does not intervene, it would appear from Randall v. Way, supra, that he loses his right to intervene. As to one who, like the plaintiff in this case, has a title which is not derived from the defendant, but from another source1 and is in every way superior to any claim which the principal defendant might advance, notice that it is facing an unjustified and unwarranted attack does not put upon the owner the duty of coming to its rescue at the peril of losing his property.
“And it seems to us to be carrying the'doctrine of estoppel much too far, to hold that if the owner of property is aware that other persons are about to sell and buy it under a mistaken opinion that they have a right to do so, he shall lose his property if he fails to give them notice, although he has said and done nothing to encourage the mistake.” Bragg v. Boston & Worcester Railroad Corp’n, 9 Allen 54, at 61.
Failure to answer a letter or to accede to its demands commonly does not amount to an admission of the facts stated in it, nor to an election nor to estoppel. Jennings v. Wall, 217 Mass. 278, at 282.
There is also a question of fact involved in this issue. An examination of the letter sent to the plaintiff by the defendant shows that she was not furnished by the defendant with a copy of its answer; no notice was given her that the defendant as trustee had answered that it held certain funds in her name “and that it had no other goods, effects or credits of the defendant.”
*307 It is an established fact in this case that the deposits in the name of the plaintiff were her own property and that no other person had any interest in them. If this fact had appeared in the trustee action, the trustee could not properly have been charged. Jordan Marsh Co. v. Hale, 219 Mass. 495, at 496, 497. The duty upon the trustee in answering is to act in good faith toward the parties claiming an interest in the fund. Wilkinson v. Hall, 6 Gray 568, Randall v. Way, 111 Mass. 506, at 507; and nothing that the trustee could do by way of assertion could determine the title to the fund in question, which “involves inferences and conclusions from facts and law”, Mortland v. Little, 137 Mass. 339, at 441. Its duty to act in good faith, however, required a more careful answer than that, other than the deposits in the plaintiff’s name, it had no goods, effects or credits of the defendant. Upon the real facts of the case the plaintiff was in no danger of losing her property, and there was no imperative call upon her to defend it. If she had had knowledge of the form of the answer filed by the trustee and had known that because of its equivocal nature her property was in danger, her procedure might have been entirely different than it was.
We are of opinion that the notice given by the defendant to the plaintiff did not place upon her the burden of appearing as a claimant at the risk of losing her right to her property and that the first three requests of the defendant were properly denied.
The fourth and fifth requests filed by the defendant deal with res judicata, the fourth stating that the judgment in the trustee action was res judicata as to the plaintiff, and the fifth that it was res judicata “as against the funds.” Disposing of the fifth request first, it is necessary only to point out that a trustee action is an action in personam, Gr. L. (Ter. Ed.) C. 246, §1, and not an action in rem, and cannot affect one having a superior title. Butler v. Mullen, *308 100 Mass. 453, at 454, 455. R. H. White Co. v. Lees, 267 Mass. 112, at 115.
Upon the general principle of res judicata, it is apparent that the plaintiff in this action was neither a party, nor a privy, in the trustee action. There can be no res judicata unless the parties are the same and the subject matter is the same, New England Home &c. v. Leader Filling Stations Corp’n, 276 Mass. 153, at 157. Where one who has never before appeared claims by a superior title which has never before been litigated, there can be no res judicata.
As the plaintiff was neither a party nor a privy in the trustee action, she was not bound by the judgment rendered in that action and could impeach it by plea and proof. Downes v. Fuller, 2 Metc. 135, at 138; Laflin v. Field, 6 Metc. 287; Leonard v. Bryant, 11 Metc. 370, at 373; Johnson v. Thaxter, 7 Gray 242; Richardson v. Smith, 11 Gray 134, at 136; Inman v. Mead, 97 Mass. 310; at 314, 315; City of Salem v. Eastern Railroad Company, 98 Mass. 431, at 447.
“It is a general and established rule of law, that when a party’s right may be collaterally affected by a judgment, which for any cause is erroneous and void, but which he cannot bring a writ of error to reverse, he may, without reversing, prove it so erroneous and void, in any suit, in which its validity is drawn in question.” Vose v. Morton, 4 Cush. 27, at 31.
“The tenant was not a privy or party to that suit, and is not concluded by the judgment; but may show that the note upon which it was founded was not a valid debt, or was paid, or that the administrator with the will annexed could not maintain an action upon it against the maker, who had been executor of the estate.” Tarbell v. Jewett, 129 Mass. 457, at 459.
“It is elementary law that a judgment is conclusive only upon those who are either parties or privies to it, but to one who is a stranger it may be avoided upon proper proof if his rights are affected or impaired thereby.” Habib v. Evans, 222 Mass. 480, at 483.
As the principle of res judicata does not apply, and the plaintiff was not bound by the judgment recovered in the *309 original action, there was no error in the denial of the fourth and fifth rulings requested.
The sixth request deals with the authority of the Municipal Court of the City of Boston to make a finding such as was made in the trustee action. The request was properly denied, being immaterial and irrelevant. The judgment of that court is not under attack. The issue is whether this defendant is liable. As trustee it had a certain duty, to act in good faith, and to present through its answers all the material facts. If it failed to disclose pertinent facts, its duty to act in good faith would be breached and payment of the judgment recovered in that action would be no defence in this, Whipple v. Robbins, 97 Mass. 107; Wardle v. Briggs, 131 Mass. 518. There is no doubt of the authority of the court to enter such a judgment, but if the judgment so entered turns out, because of the defendant’s breach of duty, to be one which should not have been entered, the defendant will have lost "in this case the benefit of the defence of payment and will be liable to the plaintiff. For all that appears, this may have been the basis of the decision in the present case, as the trial judge may have decided that the defendant, by answering as it did, failed in its duty; that by its equivocal statement to the court of the status of the plaintiff’s deposits, it implied a title in the principal defendant which misled the trial court in the original action, and resulted in the trustee being charged improperly. Such a finding could have been made and no request for a ruling raises the suEcieney of the evidence in that respect.
What has been said already disposes of the ninth request which we treat as denied.
No prejudicial error appearing, the report is to be dismissed.