FIDELITY AMERICA FINANCIAL CORP. *vs.* REVERE RESTAURANT EQUIPMENT AND SUPPLY CO., INC. November 7, 1973. Fidelity America Financial Corp. (Fidelity) as assignee of E. Stein, Inc. (Stein) brings this action of contract for goods sold against Revere Restaurant Equipment and Supply Co., Inc. (Revere). Fidelity's claim had also been the subject

of trustee process in an earlier action brought against Stein by one Leipman. Since Revere has argued that the present action is barred by the judgment in the action brought by Leipman, we begin by summarizing the proceedings in that case. That action, naming Revere as trustee, was commenced in the Superior Court by a writ dated May 7, 1964; Revere answered on July 14 admitting funds. On January 22, 1965, Fidelity petitioned to intervene, but there is no evidence that its petition was ever presented for hearing. Four years later, on June 5, 1969, the case was dismissed under Rule 85 of the Superior Court (1954). The order of dismissal was vacated and the case reactivated on January 26, 1970. On June 4 of that year the plaintiff's present attorney filed an "amicus curiae" motion as an individual requesting that the case be dismissed. His motion was denied by the court. In July, 1970, Revere and other trustees were charged, and on September 3 execution issued. The action presently before this court was brought in the Municipal Court of the City of Boston on January 9, 1970, after the action brought by Leipman had been dismissed. Revere filed a plea in abatement accompanied by an answer. No further action was taken until June 29, 1971, when Revere amended its plea, setting up the intervening trustee judgment as a bar to Fidelity's claim. The amended plea was sustained by the court on January 24, 1972, and the ruling reported to the Appellate Division, which dismissed the report. Fidelity then appealed to the Supreme Judicial Court, which transferred the matter to this court. We sustain the ruling of the Appellate Division. It is settled that "a person claiming under the principal defendant by assignment from him . . . who has appeared or who has had notice to appear in the trustee process is bound by a judgment charging the trustee." *Wilde* v. *Mahaney,* 183 Mass. 455, 458-459 (1903). Even if the assignee learns of the pendency of the trustee action through means other than formal notice, he is bound by its outcome. See *Randall* v. *Way,* 111 Mass. 506, 508 (1873); *Marvel* v. *Babbitt,* 143 Mass. 226, 227 (1887). In this instance Fidelity knew of the existence of the trustee process at least as of January 22, 1965 (the date on which it filed a petition to intervene) but never took the further steps necessary to intervene. While it did bring the present action in the Municipal Court, and did so after the Superior Court action had been dismissed, there is no evidence that Fidelity pressed its claim in either forum, except possibly through the above-noted "amicus curiae" motion, until after the trustee process had gone to judgment. In these circumstances, the claim assigned to Fidelity was satisfied when Revere was charged as trustee in the action brought by Leipman.

*Order dismissing report affirmed.*

*J. Haller Ramsey* for the plaintiff.

*Kenneth C. Cummins* for the defendant.