EMELINE BRADFORD (afterwards JOHN B. NEWHALL, administrator of her estate,) *vs.* LILLA EASTMAN & others.

Essex.   January 7, 1918. — February 28, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust,* Oral in personal property. *Equity Jurisdiction,* To enforce oral trust. *Savings Bank. Equity Pleading and Practice,* Master's report. *Evidence,* Competency.

Where a woman, who lived and had savings bank deposits in a city in this Commonwealth, when about to start for Nova Scotia on a visit, caused the savings bank deposits to be transferred to the joint names of herself and her niece, in order that her niece might draw sums of money and forward them to her while she was away, and made the transfer only when the niece agreed to return the bank books upon request, and where after the woman had returned from her visit she demanded the bank books and the niece refused to give them up, it was *held* that the woman who owned the deposits could maintain a suit in equity to enforce the oral trust in personal property by compelling the niece to deliver the bank books to her together with a proper assignment of them.

In a suit in equity certain exceptions to a master's report were founded on the alleged erroneous admission of evidence by the master, but it appeared by the report that the master reached his conclusions apart from this evidence, and it was *held* that the exceptions were immaterial and need not be considered.

In the case described above in regard to enforcing an oral trust in certain savings bank deposits, it was *stated* that the testimony of the plaintiff, that in the presence of the defendant she told the officers of the savings banks that she wanted the deposits put in the joint names of herself and the defendant so that she could draw money when she "went down East," plainly was admissible.

BILL IN EQUITY, filed in the Superior Court on September 2, 1916, by Emeline Bradford of Lynn, and afterwards allowed to be prosecuted by the administrator of her estate, to compel the defendant Lilla Eastman to transfer and turn over to the plaintiff certain deposits belonging to Emeline Bradford and her estate in the Lynn Institution for Savings, the Commonwealth Savings Bank of Lynn and the Salem Savings Bank, these three banks also being made defendants.

The case was referred to a master, who filed a report which contained the facts that are stated in the opinion.   Later the case was heard by *Quinn,* J., upon the exceptions of the defendant Eastman to the master's report.   The judge made an order that the exceptions be overruled and that the report be confirmed, and that

a decree be entered ordering the defendant Eastman to deliver forthwith to the plaintiff the bank books issued by the three banks named as defendants, the plaintiff to have his costs against the defendant Eastman and the bill to be dismissed without costs as to the defendant savings banks.

Afterwards by order of the judge a final decree was entered in accordance with the judge's interlocutory order, and the defendant Eastman appealed.

*S. H. Hollis,* (*R. T. Parke* with him,) for the defendant Eastman.

*H. R. Mayo,* for the plaintiff.

DE COURCY, J. These are the facts, as found by the master. In December, 1914, Emeline Bradford, a widow seventy-two years of age, was planning to go to Nova Scotia to visit her sister, who was the defendant's mother. Her property consisted of three savings bank deposits, amounting to about $2,500. She caused the deposits to be put in the names of herself and the defendant, and delivered possession of the deposit books to the defendant on the latter's promise to return them whenever so requested. It is expressly found that "the plaintiff's intention in delivering possession of the books to the defendant was to provide a convenient method, as she thought, of drawing on her bank accounts while out of the country, by having the defendant hold the books, draw sums and forward them to her as she required, and return the books to her when called for." She did not intend to make a gift of the books or of the money represented by them, and she would not have delivered the books to her niece but for the latter's promise to return them when requested.

Mrs. Bradford went to Nova Scotia in May, 1915, and remained there until January, 1916. She then returned to Lynn, and lived at the defendant's home for some months. On several occasions she demanded her bank books, but the defendant, in violation of her promise, refused to give them up. This suit was brought to get possession of them.

The defendant did not testify as a witness. Her contention is that by reason of the deposit books being made out in the joint names of her aunt and herself, and of the terms of the identification cards prepared by the banks when they issued the books, she became joint owner of the money with the real owner. It may be assumed that, as between the banks and these parties, the banks

would be justified in treating the deposits as funds in which the parties had a joint interest. But as between the plaintiff and defendant, the money belonged always and wholly to Mrs. Bradford, as the master has found. Whatever legal title Mrs. Eastman had in the books or money, she held in trust for her aunt. That trust in personal property could be established by parol, notwithstanding the form in which the books were made out. The defendant's possession of the bank books was merely that of an agent, under express obligation to return them to her principal on demand. . Upon her refusal so to return them, and on the facts disclosed in the record, a court of equity was well warranted in ordering her to restore the bank books to their real owner. *Peck* v. *Scofield,* 186 Mass. 108. *Bailey* v. *Wood,* 211 Mass. 37. *Kerr* v. *Crane,* 212 Mass. 224. *Schmidt* v. *Schmidt,* 216 Mass. 572. *Woodard* v. *Woodard,* 216 Mass. 1. In *Chippendale* v. *North Adams Savings Bank,* 222 Mass. 499, on which the defendant relies, it was found as a fact that in making the changes in the bank books and accounts Henry D. Williams intended to give and transfer to his sister, Mrs. Worthington, a joint interest in the same; while in the present case it is expressly found that no gift was intended.

This disposes of the exceptions to the master's report except the third and fourth, which relate to the admission of testimony. These need not be considered, as the master's certificate shows that he reached his conclusions of fact apart from this evidence. But it may be stated that the testimony of Mrs. Bradford, that she told the bank officers she wanted the money put in Mrs. Eastman's name and her own, "so she could draw it when I went down East," plainly was admissible, if for no other reason, because it was said in the presence of the defendant, who now seeks to claim the money as her own.

It appears that since the bringing of these proceedings Emeline Bradford has died, and that John B. Newhall, special administrator of her estate, has been admitted as a party to prosecute this suit. Accordingly the decree of the Superior Court must be modified, and a decree entered ordering the defendant to deliver to the present plaintiff the three deposit books, together with an assignment thereof.

*Decree accordingly with costs.*