R. H. WHITE COMPANY *vs.* ANNIE M. LEES, REBECCA McCOY, claimant.

Middlesex.    December 7, 1928. — May 25, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Attachment. Trustee Process. Savings Bank,* Joint account.

In a writ of trustee process in an action of contract, the plaintiff named as trustee a savings bank in which were funds standing in the name of the defendant and her mother "payable to either or the survivor." The defendant and the trustee were defaulted for failure to answer, and thereafter the defendant's mother filed an appearance as a claimant and the trustee, when a motion was made to charge it, moved that it be allowed to file an answer of interpleader summoning in the mother as claimant of the fund. The default against the trustee was ordered removed, the trustee's motion was allowed, and, upon a hearing, it appeared that the mother made the deposit in the bank originally and that the method of placing it on the trustee's books was adopted at her request. The judge found that the fund was the property of the mother at the time of the attachment and ordered the trustee discharged. *Held,* that

(1) In the circumstances, both the savings bank and the mother properly were before the court and entitled to show that at the time of the attachment nothing was due the principal debtor from the bank;

(2) The finding by the judge, that the mother was the owner of

the funds at the time of the attachment, could not be said to be clearly wrong;

(3) In view of the judge's finding, the discharge of the trustee was proper.

CONTRACT. Writ in trustee process in the Third District Court of Eastern Middlesex against Annie M. Lees as defendant and the Cambridge Savings Bank as alleged trustee, dated July 5, 1927.

Proceedings in the District Court relating to the claim of Rebecca McCoy to funds in the possession of Cambridge Savings Bank, alleged trustee, are described in the opinion. In the District Court her claim was sustained, the alleged trustee was discharged and the case was reported to the Appellate Division for the Northern District. The report was ordered dismissed. The plaintiff appealed.

*A. G. Tierney*, for the plaintiff.

*J. J. Foley*, for the claimant, submitted a brief.

WAIT, J. On July 31, 1922, Rebecca McCoy deposited $1,200 with the Cambridge Savings Bank. She requested that the deposit be made in her name and that of her daughter Annie M. Lees, who was present with her. The entry was made "Rebecca McCoy or Annie M. Lees, payable to either or the survivor." Both signed the usual deposit card. In September of 1926, Mrs. Lees, desiring credit from the plaintiff, stated that she had a deposit with the Cambridge Savings Bank, and, at her request, the bank wrote to the plaintiff, "Annie M. Lees has $1200.00 in a joint account with Rebecca McCoy." By writ dated July 5, 1927, the R. H. White Company brought suit against Annie M. Lees and summoned the Cambridge Savings Bank as trustee. Process was served on the bank on July 9, 1927. On July 13, 1927, Mrs. McCoy presented the book at the bank and attempted to withdraw the entire deposit. She was allowed to withdraw all but $300, ad damnum of the writ. The writ was entered July 16, 1927. The trustee did not answer. On July 20, 1927, the defendant and the trustee were defaulted; and on July 22, 1927, judgment was given for the plaintiff in $306.45, as damages and $9.11, as costs. On July 26, Rebecca McCoy was allowed to file appearance as

a claimant. After motion to charge the trustee, the default against the trustee was removed and it was allowed to file an answer of interpleader bringing in Mrs. McCoy as claimant. At the hearing, the plaintiff requested the judge to rule that the rights of the plaintiff as an attaching creditor were paramount to the rights of the claimant; that the legal title was in the principal defendant when the writ was served; that the right of an attaching creditor could not be defeated by any secret trust arrangement between the principal defendant and the claimant; that on all the evidence the trustee should be charged; that the court could determine the amount for which it should be charged; that the interest of the defendant in this account could be attached by trustee process; that the tenancy of the defendant and the claimant in the fund was not a joint tenancy. The judge found that the fund was the property of Mrs. McCoy at the date of the attachment; he ruled that in accord with G. L. c. 246, § 33, Rebecca McCoy had been interpleaded properly; he refused such of these requests of the plaintiff as were inconsistent with his finding and ruling; and denied the motion to charge the trustee. The case is before us upon an appeal from an order of the Appellate Division dismissing a report.

The bank was properly summoned as a trustee at the suit of a creditor of one of the parties to a deposit such as was here made. G. L. c. 167, § 14, provides that when a deposit is made in any bank in the names of two persons, payable to either or payable to either or the survivor, such a deposit or any part of it, or interest or dividend upon it, "if not then attached at law or in equity in a suit against either of said persons," may be paid to either of said persons whether the other be living or not and such payment shall discharge the bank from its obligation, if any, to such other person or to his legal representative for or on account of the deposit. By its terms it recognizes that the deposit may be attached in a suit against either depositor. The only question here argued, is whether there was error in refusing to charge the bank as such trustee.

The claimant was admitted as a party to the trustee process after both defendant and trustee had been defaulted,

but before the trustee had been charged; and to establish her claim was not limited to scire facias proceedings against the trustee. See *Shawmut Commercial Paper Co.* v. *Cram*, 212 Mass. 108. The alleged trustee, after the default had been removed, was not obliged to rely upon the prosecution of her claim by the claimant under the permission thus granted. By the contract of deposit the bank was liable to the principal debtor. It could properly be charged as trustee, unless a title to the funds superior to that of the debtor should be established. Although in scire facias upon a judgment charging it, the alleged trustee could show anything which would have defeated the suit by the principal debtor, *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384, it was not precluded from setting up such matters in the principal suit, if it did so before an order charging it had been made. *Cunningham* v. *Hogan*, 136 Mass. 407. The claimant was entitled to show that nothing was due the principal debtor from the alleged trustee, *S. S. Pierce Co.* v. *Fiske*, 237 Mass. 39, 42, and cases there cited. Both the claimant and the alleged trustee were, thus, at liberty to show the real facts. If the claimant was, in fact, the true owner of the entire fund she could recover the balance which was in the bank on July 13, 1927, and which it refused to pay over because of the attachment. *Bradford* v. *Eastman*, 229 Mass. 499. The judge has found that she was such owner. We cannot say the finding is wrong.

*Order dismissing report affirmed.*