LOUIS LEVIN *vs.* LOUIS P. LERNER & another, HARRY MILLER & others, claimants.

Suffolk. March 7, 1935. — March 27, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Trustee Process. Bank and Banking. Trust,* What constitutes.

Where each of three persons in forming a partnership contributed money which, under their agreement, was deposited in a previously existing bank account of one of them, he only having the right to draw checks thereon, findings were warranted that there was a trust arrangement between the depositor and the partners and that as between him and them they stood as individual principals in relation to the deposit; and in an action against the depositor, in which the bank was summoned as alleged trustee and the partners appeared as claimants of the deposit, the partners were entitled to assert their equitable right to the deposit under G. L. (Ter. Ed.) c. 246, § 33, even though there was no privity between them and the bank nor any assignment of the deposit to them, and there was no error in the denial of a motion by the plaintiff to charge the trustee or in an order establishing the partners' claim.

CONTRACT. Writ in the Municipal Court of the City of Boston dated August 2, 1933.

Proceedings in the Superior Court upon removal of the action thereto are described in the opinion. The orders on the plaintiff's motion to charge the trustee and on the claim of the claimants were by *Gray,* J., who reported the action for determination by this court.

*J. E. Hannigan,* for the plaintiff.

*B. I. Levine,* for the claimants.

PIERCE, J. This is an action of contract commenced by trustee process writ dated August 2, 1933, returnable to the Municipal Court of the City of Boston August 26, 1933. The case was later removed to the Superior Court. In the Superior Court the defendants were defaulted. The trustee's answer admitted funds ($7.96) in its possession belonging to the defendant Sarah Lerner, and further, that it had an account standing in the name of Sally Dress Company

on which there was a balance of $1,500; and stated that its records indicated that the defendant Louis P. Lerner was carrying on business under that name, but that Harry Miller and Murray White claimed ownership of that account.   On September 18, 1933, Harry Miller and Murray White appeared in said Municipal Court as adverse claimants in the trustee process and filed a statement of their claim (under G. L. [Ter. Ed.] c. 246, § 33), to the effect that the said $1,500 belonged to a partnership of which they and the defendant Louis P. Lerner were the sole copartners.   Louis P. Lerner was later added as a claimant.   The case came on for hearing before a judge of the Superior Court upon the plaintiff's motion to charge the trustee upon its answer and upon the claim of the adverse claimants.   The trial judge found that the defence of *res judicata* had not been established and allowed the plaintiff's motion to charge the trustee as to the defendant Sarah Lerner only, otherwise denied the motion, and ordered the trustee discharged as to the defendant Louis P. Lerner.   Upon the claimants' claim the following order was entered: "This cause came on to be heard in session without jury as to claimants' claim and now after a hearing thereon, it is ordered, adjudged that the claimants' claim be and the same is hereby maintained in the sum of fifteen hundred dollars."   The plaintiff claimed exceptions, but failed to perfect them, and the judge reported the case to this court.

In its aspect most favorable to the adverse claimants, the evidence warranted findings of facts in substance as follows: The claimants on May 6, 1933, entered into a written agreement whereby they associated themselves as copartners under the firm name of "Sally Dress Co."   By the terms of said agreement, each partner was to contribute $1,000 to the capital fund of the partnership, after which, and not later than July 1, 1933, a corporation was to be organized and the partnership assets and business were to be transferred thereto.   This agreement was extended in writing to September 1, 1933.   All funds of the partnership were to be deposited with The First National Bank of Boston (the

trustee in the pending action) in the partnership name, to be withdrawn only by check to be signed in behalf of said partnership by Louis P. Lerner. The agreement provided that until the formation of the corporation the said partnership should not conduct any business except preparatory to manufacturing, selling and generally dealing in dresses and other feminine wearing apparel; that no drawings should be made by any one of the partners from the capital of the partnership for personal use, except with the assent of all three partners. Pursuant to said agreement the claimant Harry Miller made a net investment in capital of about $800; the claimant Murray White contributed thereto $1,000; and the claimant Louis P. Lerner deposited sums of money of his own as a contribution, in accordance with the said agreement, but withdrew all of his contribution. These contributions, when made, were deposited with the trustee.

On May 6, 1933, and before the execution of the co-partnership agreement, there was a nominal bank account without balance on the books of The First National Bank of Boston entitled "Sally Dress Company." This name had represented a partnership between Miller and Lerner, but Miller had ceased to be a partner of Lerner several years before, and Lerner had thereafter used the account entirely as his own. For two years the Sally Dress Company account had been inactive except on rare occasions, and for a month before the partnership agreement was signed carried no balance. Lerner, after the deposits of Miller, White and his own contributions, drew checks for his own and Miller's use. The signature card connected with the account goes back to February 6, 1930, and the account continued under the same signature, "Sally Dress Company, L. P. Lerner." "It is agreed that there was no evidence that the bank had any knowledge of the partnership until after the service of the writ." Miller and White had no access to the check book and had no right to draw checks.

The plaintiff excepted to the refusal of the judge to rule (1) "That the attached credit was a credit of the defend-

ant"; and (2) "That under the statute G. L. (Ter. Ed.) c. 246, §§ 20, 24, 26, the credit must be held to respond to the final judgment." The plaintiff contends that the relation between the bank and Lerner is one of debtor and creditor; that the depositor (of money in a bank) surrenders his title; that there was no privity with the claimants; that the bank could have set off any debt which Lerner owed it against the deposit; that the partnership is not seeking to enforce a contract made by the partnership with the bank; and that the credit balance can be transferred to the partnership only by Lerner's check paid by the bank. These propositions find support in the following cases which are cited by the plaintiff: *Bachrach* v. *Commissioner of Banks,* 239 Mass. 272, 273. *Sternheimer* v. *Harris,* 253 Mass. 169, 171. *National Mahaiwe Bank* v. *Peck,* 127 Mass. 298. He also contends that the title to the cash contributed by Miller and White passed by their consent to Lerner, and in turn passed from Lerner to the bank; that there was no mistake, fraud or concealment; that the bank accepted the money deposited as Lerner's; that part of it was and was expected to be Lerner's; that the contract of the bank was with Lerner; and that White and Miller had no claim against the bank, citing *Fuller* v. *Randall,* 1 Gray, 608, 611; *Bullard* v. *Randall,* 1 Gray, 605. He further contends that White and Miller delivered their money to Lerner to be mingled with his own to put into an account subject only to his check, and that the case at bar is distinguishable in its facts from *Marvel* v. *Babbitt,* 143 Mass. 226, and *S. S. Pierce Co.* v. *Fiske,* 237 Mass. 39. In reply the claimants refer to G. L. (Ter. Ed.) c. 246, § 33, which reads: "If a person claiming, by assignment from the defendant or otherwise, goods, effects or credits in the hands of a supposed trustee enters an appearance, he shall be admitted as a party in order to determine his title to such goods, effects or credits, and may allege and prove any facts which have not been stated or denied by the supposed trustee. Such allegations shall be tried and determined as provided in section seventeen upon depositions or oral testimony as the court orders. If he does

not voluntarily enter an appearance, the court may issue an order of notice to him."

Privity between the trustee and the claimant is not a necessary element in such proceedings. A claimant may assert either legal or equitable rights to goods, effects or credits in the hands and possession of a trustee. *Underwood* v. *Boston Five Cents Savings Bank*, 141 Mass. 305, 306. *Marvel* v. *Babbitt*, 143 Mass. 226, 227. Under said § 33 the judge may determine the real facts. If the claimants were in fact the true owners of the entire fund, they could recover the balance which was in the bank on the day of the attachment. *Bradford* v. *Eastman*, 229 Mass. 499. *R. H. White Co.* v. *Lees*, 267 Mass. 112, 115. The judge could have determined that a trust arrangement existed between Lerner and the claimants, and could have found that as between Lerner and the claimants the claimants stood in relation to the fund in the possession of the bank as individual principals with the rights of such. The title to the fund in the possession of the bank need not be based on an assignment of that fund. It could have been found that the relation of Lerner to the deposit in the bank and between him and the claimants was brought to the attention of the trustee bank before its answer was filed and the adverse claim was duly presented. *Taft* v. *Bowker*, 132 Mass. 277. On the reported evidence the findings of the judge were warranted and the rulings on the facts found were right. It follows that judgment for the claimants on the facts found should be entered, and it is

*So ordered.*