MARY A. McGEE vs. SPRINGFIELD INSTITUTION FOR
SAVINGS & others.

Hampden.   December 30, 1935, March 2, 1936. — April 2, 1936.

Present: CROSBY, PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil*, Interpleader.   *Trustee Process.*

In an action against a savings bank for the amount of a deposit therein,
the defendant undertook, under G. L. (Ter. Ed.) c. 168, § 36, to
interplead one in whose name the deposit stood and also one who,
in an action in trustee process still pending against such nominal
owner of the deposit, had summoned the bank as trustee.   The action
was tried as between the plaintiffs in the two actions, and there was
a verdict "for the defendant."   *Held*, that the verdict was error,
whatever the word "defendant" in the verdict meant: the bank as
stakeholder was not entitled to prevail against the plaintiff, and the
right of the plaintiff in the action in trustee process could be adjudi-
cated in that action only, into which the present plaintiff as a claimant
to the deposit might enter or be summoned under G. L. (Ter. Ed.)
c. 246, § 33.

CONTRACT.   Writ in the District Court of Springfield
dated February 10, 1934.

Upon removal to the Superior Court, the action was
tried before *Dillon*, J.   A motion by the plaintiff that a
verdict be ordered in her favor was denied.   There was a
verdict "for the defendant," and the plaintiff alleged ex-
ceptions to the denial of her motion and "to the entry of a
verdict for the Springfield Institution for Savings."

The case was submitted on briefs.

*J. F. Egan*, for the plaintiff.

*J. E. Kerigan*, for the defendant Donovan.

LUMMUS, J.   The plaintiff brought this action of con-
tract to recover a deposit represented by a savings bank
book standing in the name of "Arthur J. McGee, subject
to Mary A. McGee, subject to withdrawal of whole or part
by either or the survivor."   On December 20, 1933, the
defendant bank was summoned as trustee of Arthur J.
McGee in an action brought against him by Christine M.
Donovan.   In the present action the defendant bank then

interpleaded both Arthur J. McGee and Christine M. Donovan, under the supposed authority of G. L. (Ter. Ed.) c. 168, § 36. Arthur J. McGee disclaimed all interest in the deposit, but Christine M. Donovan alleged, and introduced evidence tending to prove, that the deposit was in truth the property of Arthur J. McGee and therefore held by her attachment. The case was tried to a jury between the plaintiff and Christine M. Donovan. The jury returned a verdict "for the defendant," and the plaintiff alleged exceptions.

It was error to allow a verdict for the defendant bank, which had put itself in the position of a stakeholder and was not entitled to prevail against the plaintiff. *Gonia* v. *O'Brion*, 223 Mass. 177. *Conway* v. *Kenney*, 273 Mass. 19, 22.

On the other hand, if the "defendant" in whose favor the verdict was rendered was Christine M. Donovan, who was summoned in and made a defendant under the statute cited, to allow a verdict in her favor was equally erroneous. She had no standing in the case, and the validity of her attachment could not be tried in this proceeding. Her rights, if she has any, can be determined only in her action against Arthur J. McGee. No verdict or judgment in the present proceeding could give her any satisfaction, or any rights that would not be destroyed if she should fail in that action. Her attachment is an incident to that action, and must be enforced therein. The statutes provide a forum for the determination of the claim of the present plaintiff to the goods, effects and credits supposed to be held under the attachment by trustee process. If the present plaintiff should be unwilling voluntarily to present her adverse claim in the trustee process, she might be summoned in. G. L. (Ter. Ed.) c. 246, § 33. *S. S. Pierce Co.* v. *Fiske*, 237 Mass. 39, 42. *R. H. White Co.* v. *Lees*, 267 Mass. 112. *Matthew Cummings Co.* v. *Grande*, 281 Mass. 546, 549. *Kelly* v. *Foley*, 284 Mass. 503, 507. *Levin* v. *Lerner*, 290 Mass. 294. Parties may not ignore that rightful forum, and present the controversy by interpleader in another action. *Barnett* v. *Riceman, ante,* 148.

*Exceptions sustained.*