### JOHN WARDLE vs. A. D. BRIGGS & another.

Hampshire.   Sept. 20. — Nov. 22, 1881.   LORD & DEVENS, JJ., absent.

Payment of an execution issued upon a judgment charging a trustee in foreign attachment is no bar to an action brought against him, by an assignee of the debt, in the name of the principal defendant, if the judgment charging him as trustee was obtained upon his wilful default, after he had notice of the assignment.

CONTRACT upon an account annexed for work and labor. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon an agreed statement of facts, in substance as follows:

The plaintiff worked for the defendants for the time stated in his declaration, and, on November 28, 1873, there was due him on account of said work the sum of $136.40, and interest from that date.

In July 1874, the plaintiff assigned to Matthew Carroll the amount due and to become due to him from the defendants, which was duly recorded; and the defendants were notified of that assignment. Subsequently to the assignment and notice to the defendants, the latter were duly summoned as trustees of the plaintiff in an action brought against him after said assignment and notice.

That action was duly entered in court, and judgment recovered therein, the defendant and trustees not appearing; and an execution was issued and demand made upon the trustees, who paid over the sum of $140, on April 10, 1876. No notice of the pendency of that action was given by these defendants to Carroll, for whose benefit this action was brought.

*F. A. Beals*, for the plaintiff.

*N. A. Leonard & G. Wells*, for the defendants.

FIELD, J. The defendants, as trustees in the trustee process, in order to protect themselves against this suit, which is brought for the benefit of the assignee of the debt attached, to whom the assignment was made before the commencement of the trustee suit, of which they had notice, were bound in law in some manner to inform the court by whom they were charged as trustees that they had received notice of such an assignment, or

to inform the assignee of the pendency of the trustee suit, that he might appear therein as claimant. *Whipple* v. *Robbins*, 97 Mass. 107. *Wilkinson* v. *Hall*, 6 Gray, 568. *Butler* v. *Mullen*, 100 Mass. 453. *Randall* v. *Way*, 111 Mass. 506. *Prescott* v. *Hull*, 17 Johns. 284. *Greentree* v. *Rosenstock*, 61 N. Y. 583. *Bunker* v. *Gilmore*, 40 Maine, 88. *Seward* v. *Heflin*, 20 Vt. 144. *Marsh* v. *Davis*, 24 Vt. 363.

As the assignee never became a party to the trustee suit, and had no notice that it had been brought, and as the fact of the assignment was never made known to the court, so that its validity was not in any form considered and determined in that suit, he is a stranger to the judgment charging the trustees. No proceedings were had in the trustee suit which were legal notice to him that such a suit was pending.     *Judgment affirmed.*