SHAWMUT COMMERCIAL PAPER COMPANY *vs.* BENJAMIN H. CRAM & another & trustees.

Suffolk.    March 14, 1912. — May 24, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Judgment.    Trustee Process,* Adverse claimant.

Where, in an action of contract brought by trustee process in the Superior Court, an agreement for judgment has been made between the plaintiff and the defendant, and on the first Monday of a month, after interrogatories of the plaintiff to the only remaining trustee have been answered, a motion to charge such trustee has been allowed, the action on that day goes to final judgment under R. L. c. 177, § 1, and Rule 23 of the Superior Court; and thereafter that court has no jurisdiction to allow a motion to vacate the order charging the trustee *nunc pro tunc* as of the day it was made, nor to allow the filing of a petition under R. L. c. 189, § 32, by one asserting an adverse claim to the property in the hands or possession of the alleged trustee.

After final judgment in an action brought by trustee process, one claiming goods, effects or credits in the hands of a supposed trustee in the action cannot be admitted as a party for the purpose of establishing his claim under R. L. c. 189, § 32.

RUGG, C. J.    This is an action of contract brought by trustee process. Agreement was made for judgment against the principal defendant, and the case continued pending disposition as to those summoned as trustees. All of these, except the Somerville National Bank, were subsequently discharged. That bank filed an answer and made replies to interrogatories, and after hearing it was

charged as trustee by order of court on Monday, May 1, 1911. On May 4 there were filed by the trustee a motion to vacate the order charging it and a petition by one Bartlett that he be adjudged the owner of the goods and effects in the hands of the trustee. These motions were both allowed, that of the trustee being granted *nunc pro tunc* as of May 1, 1911; and the plaintiff appealed. Thereafter the plaintiff filed a motion to dismiss the petition of Bartlett as claimant on the ground that final judgment had been entered, and the court was without jurisdiction to entertain it. The plaintiff excepted to the denial of this motion. Thus the record stood when the exceptions were allowed.

1. The Superior Court obviously did not understand that the case was ripe for final disposition at the time of the allowance of the exceptions, for it had not passed upon the merits of the motion of the claimant, Bartlett. It is familiar practice that exceptions cannot be entered as of right in this court until the case is ripe for final judgment. *Brooks* v. *Shaw,* 197 Mass. 376, and cases cited at 379. *Crossin* v. *Beebe,* 186 Mass. 472. *West* v. *Platt,* 124 Mass. 353. Nor can an appeal from an interlocutory ruling be entered until then. *Cotter* v. *Nathan & Hurst Co.* 211 Mass. 31. However, as upon the view we take, final judgment in truth had been entered, the case is treated as properly here. *Lowd* v. *Brigham,* 154 Mass. 107.

2. After the Superior Court had decided, by its order of May 1, that the trustee be charged, nothing further remained to be done by the parties as precedent to the entry of judgment. As May 1 was the first Monday of May, under R. L. c. 177, § 1, and Rule 23 of the Superior Court, the case then went to final judgment. *American Wood Working Machinery Co.* v. *Furbush,* 193 Mass. 455, 457. *Wallace* v. *Boston Elevated Railway,* 194 Mass. 328, 333. *Pierce* v. *Lamper,* 141 Mass. 20. This being final disposition of the case, it was beyond the jurisdiction of the Superior Court to vacate its judgment on mere motion. No clerical error had been committed. Other remedies are provided for the correction of errors of substance. *Karrick* v. *Wetmore,* 210 Mass. 578, and cases cited. R. L. c. 193. It is urged, however, that this principle does not apply to the petition of a claimant to have his rights established in trustee process under R. L. c. 189, § 32, where it is provided that such person may be admitted as a party for the purpose of deter-

mining his title to goods, effects and credits in the hands of the alleged trustee. *Boylen* v. *Young,* 6 Allen, 582. While no time is prescribed within which a claimant may be admitted. as a party, it is plain that it must be at some time before final judgment. The case cannot always be kept open for this purpose, and in reason the limit must be not later than the time when it has been disposed of finally. He must come into some live proceeding. See *Mortland* v. *Little,* 137 Mass. 339.

The liability of the trustee, although charged, is not made absolute by judgment in the original action. It can be established finally and enforced only by *scire facias* under R. L. c. 189, §§ 45 to 49. The claimant may be admitted as a party to such proceeding, and there assert his demand. *Knights* v. *Paul,* 11 Gray, 225. There is no indication in the record that the rights of the claimant and of the trustee may not be fully protected in such proceeding. It is not necessary to discuss to what extent the rights of either may be affected in instances where, without knowledge of any adverse claim and without fault of any one, the person holding goods, effects or credits in truth belonging to some one other than the principal defendant has been adjudged trustee. See *Randall* v. *Way,* 111 Mass. 506; *Wardle* v. *Briggs,* 131 Mass. 518.

It follows that the plaintiff's exceptions should be sustained and the several orders of the Superior Court vacating its order charging the trustee and admitting the claimant as a party and denying the plaintiff's motion to dismiss his petition should be reversed, and the order charging the trustee be affirmed.

*So ordered.*

The case was submitted on briefs.

*C. W. Ford, E. M. Schwarzenberg & W. F. Frederick,* for the plaintiff.

*E. R. Anderson & J. G. Bryer,* for the claimant Levi S. Bartlett.