CHARLES L. PHILLIPS *vs.* SUFFOLK SAVINGS BANK FOR SEAMEN AND OTHERS & another, executrix.

Suffolk.    November 12, 1914. — December 31, 1914.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Husband and Wife. Bank. Interpleader. Practice, Civil,* Motion to quash.

If a wife, without her husband's knowledge or consent, takes a sum of money belonging to her husband and deposits it in a savings bank in her own name, and then dies, and if her husband, on learning after her death of the existence of the deposit, demands from the savings bank its payment to him, and the bank refuses to make the payment, the husband is entitled to the deposit as against the executor of the will of his wife, and may recover its amount in an action

against the bank, to which the executor is made a party defendant on a petition of interpleader under St. 1908, c. 590, § 50.

Where, in an action against a savings bank by a husband after the death of his wife to recover the amount of a deposit of money belonging to him that was made by his late wife in her own name without his knowledge or consent, the executor of the will of the plaintiff's wife, upon a petition of interpleader filed by the defendant bank under St. 1908, c. 590, § 50, is made a party defendant as the claimant of the fund, and thereupon appears and files an answer, and the case is tried before a jury, who find on an issue framed for them by the judge that the money deposited was the property of the plaintiff, it is too late after this finding for the executor to move to quash or reverse the order of court by which he was made a defendant.

CONTRACT OR TORT by the surviving husband of Mary A. Phillips, late of Boston, deceased, alleging that his deceased wife wrongfully took a sum of about $900 belonging to him and deposited $600 of it in the defendant savings bank in her own name, that she afterwards drew out $85, leaving the amount of $515 of principal standing in her name but belonging to the plaintiff, and that the plaintiff, after his wife's death, learned of the deposit and demanded the sum with accrued interest from the defendant, which refused to pay it to him. Writ dated April 21, 1913.

Upon a petition of interpleader filed by the defendant bank under St. 1908, c. 590, § 50, Emma F. Smith, the executrix of the will of Mary A. Phillips, was made a defendant as claimant of the fund. The defendant savings bank alleged in its answer its willingness to pay over the money upon the order of the court.

In the Superior Court the case was tried before *Wait*, J. The facts as reported by the judge were as follows:

The plaintiff was the husband of Mary A. Phillips, and before her death they resided in the part of Boston called East Boston. About February, 1888, Mary A. Phillips made a deposit in the Suffolk Savings Bank, which is the deposit in controversy. She made two withdrawals, the last being on May 29, 1889, and this last withdrawal is the last entry on the account, except subsequent credits of interest.

Mrs. Phillips died in March, 1891. She left a will by the terms of which she gave all her property, real and personal, to a niece, Mrs. Emma F. Smith, now a resident of Lynn. Charles L. Phillips, the plaintiff, assented in writing to the will by an indorsement thereon. By the terms of the will Mrs. Smith was named as

executrix without sureties and was appointed and qualified, the plaintiff assenting to her petition.

At the time of Mrs. Phillips's death neither her husband nor Mrs. Smith knew that the testatrix had this deposit in the Suffolk Savings Bank. The inventory filed showed no estate except household furniture valued at $75.

Sometime in the autumn of 1912 a friend of the plaintiff discovered the existence of this deposit and called the plaintiff's attention to the matter. Thereupon the plaintiff, on March 31, 1913, made a demand on the bank for the payment of the deposit to him, which payment the bank refused to make. The plaintiff then brought this action.

After Emma F. Smith, as executrix, had been made a defendant, she appeared and filed an answer by consent setting up that she was entitled to the deposit. A jury trial had been claimed by the plaintiff and the defendant bank. Upon the case coming up for trial the plaintiff contended that the money with which Mrs. Phillips opened this bank account was his money wrongfully taken possession of by her, and the judge framed a question for the jury as follows: "Was the money deposited in the Suffolk Savings Bank for Seamen and Others when deposited by Mrs. Phillips the property of the plaintiff?" The counsel for the defendant Smith did not assent to the framing of this question, but filed no objections thereto and went to trial. Evidence was introduced on both sides, and on December 8, 1913, the jury returned an answer in the affirmative. The bank book was not introduced in evidence and none of the parties had any knowledge of its whereabouts.

Thereafter on June 15, 1914, the plaintiff filed a motion that judgment be entered in his favor on the verdict, and on June 22 the defendant Smith filed a motion that the order citing her in as a defendant be quashed, and the matter was argued by counsel.

On June 24 the judge made an order granting the plaintiff's motion for judgment and denying the defendant Smith's motion to quash. The order declared that the plaintiff was entitled to the fund, and directed the defendant savings bank to pay to the plaintiff the sum of $1,268.10, being the amount of the deposit less the costs of the bank and a sum allowed as counsel fee for the bank.

On June 26 the defendant Smith appealed, both as executrix and as an individual, from the denial of her motion to quash and from the order on the plaintiff's motion.

It also appeared that Emma F. Smith, executrix, had on June 25, 1914, brought an action in the Superior Court against the Suffolk Savings Bank for Seamen and Others, returnable on the first Monday of August, 1914, seeking to recover the amount of the deposit.

Thereupon, the parties assenting, the judge reported the case for determination by this court. If the order entered on June 24 was authorized, the plaintiff was to have judgment according to that order, and an entry of judgment for the defendant savings bank without costs was to be made in the action returnable in August, 1914. If the order entered on June 24 was not authorized, this court was to make such order or orders as should seem proper.

*F. N. Nay*, for the executrix Emma F. Smith.

*C. R. Morse*, for the plaintiff.

*H. W. Palmer*, for the Suffolk Savings Bank for Seamen and Others.

BRALEY, J. The plaintiff's title to the fund did not rest upon the assumption of a gift to him by his deceased wife by whom and in whose name the deposit had been made, but upon his contention that without his knowledge or consent the money being his property had been taken and appropriated by her. It is stated in the report, that the bank book was not produced at the trial, "and none of the parties had any knowledge of its whereabouts." A demand having been made for payment, which the bank unqualifiedly refused, and the jury having found that when deposited the money was his property, it has no defense to the plaintiff's action. *Broderick* v. *Waltham Savings Bank*, 109 Mass. 149. *Bailey* v. *New Bedford Institution for Savings*, 192 Mass. 564. *Cole* v. *Bates*, 186 Mass. 584, 586.

But, as the depositor died testate and the executrix claimed the deposit, the petition of the bank under the provisions for interpleader in R. L. c. 113, § 38, that the proceedings be amended by making the claimant who is "another party than the plaintiff" the defendant was properly allowed. The question thereafter was whether the plaintiff or the claimant was entitled to the fund.

*Booth* v. *Bristol County Savings Bank,* 162 Mass. 455.   *Bailey* v.
*New Bedford Institution for Savings,* 192 Mass. 564.   *Pierce* v.
*Boston Five Cents Savings Bank,* 125 Mass. 593, 596.   See R. L. c.
173, § 37; *Supple* v. *Suffolk Savings Bank,* 198 Mass. 393.

· The court furthermore had jurisdiction of the subject matter
and of the parties.   If the claimant upon being cited in desired to
raise the question whether the proceedings were irregular because
not in conformity with her construction of the statute, she should
have done so before joining issue and going to trial on the merits.
The motion to quash filed after the verdict against her came too
late.   *Craig Silver Co.* v. *Smith,* 163 Mass. 262, 268.   R. L. c. 173,
§ 46.   And the plaintiff's motion for judgment was rightly allowed.
R. L. c. 177, § 1.

By the terms of the report the plaintiff is to have execution in
accordance with the order of June 24, 1914, and in the subsequent
action brought by the executrix the defendant bank is to have
judgment without costs.

*So ordered.*