EARLE E. CONWAY & others *vs.* CHARLES H. KENNEY.

Worcester.    September 22, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Interpleader, Reconsideration and correction of order by court.

To an amended writ and declaration in an action of tort in a district court against a deputy sheriff for conversion of certain personal property, the defendant filed a petition alleging that he had attached the property in three actions against persons other than the plaintiff and had removed it to a certain address for storage; that later, by order of the plaintiffs in the actions in which the attachments were made, he had released such attachments; that one of the defendants in those actions had made a claim for the property; that he did not have nor claim to have any interest, right nor title in such property and did not know and could not ascertain who was entitled to possession thereof; and he sought to have the claimant made a party and required to interplead. The judge at first made an order granting the interpleader, which, later, stating that he was satisfied that such order was erroneous, he vacated. Thereafter the defendant filed an answer, there was a trial on the merits and a finding for the plaintiff. A report to the Appellate Division respecting the order as to interpleader was ordered dismissed and the defendant appealed. *Held,* that

(1) The petition for interpleader was not within the governing provisions of G. L. c. 231, § 40;

(2) The judge had power to reverse, at any time before the case had gone to judgment, what he deemed to be an error on his part in granting the petition for interpleader.

TORT for conversion. Writ in the District Court of Fitchburg, dated October 25, 1928.

The petition for interpleader, described in the opinion, was as follows:

"1. Now comes the defendant in the above entitled case and says that he is a deputy sheriff, in and for the county of Worcester, and as such, he was given a writ in the suit of Fennia Markets, Inc. *vs.* Oscar Jokinen, and in the suit of Fennia Markets, Inc. *vs.* Oscar Jokinen and Ida K. Jokinen, and in the suit of Sieva Juurioja *vs.* Oscar

Messler, directing him to attach the property of the defendants, and as such officer he attached at the said suits among other things, one Spector piano and piano bench, and removed them to 53 Fox Street, in said Fitchburg, for storage under such attachments.

"2. Later at the order of the counsel for plaintiffs in said actions, and before this action was brought, the defendant released such attachments on said Spector piano and piano bench.

"3. A claim for said piano and piano bench has been made by Ida K. Jokinen of 658 Main Street, Leominster, Massachusetts, who claims to be the owner thereof, and also is being claimed by the plaintiffs in this case as the owners thereof.

"4. The defendant does not now have, or claim any interest, right or title, in or to said piano and piano bench, and the defendant does not know, nor can he ascertain who is the owner of said piano and piano bench, and who is entitled to the possession thereof, as between the different claimants, and cannot without hazard to himself undertake to decide as to whom to deliver said piano and piano bench as between the claimants aforesaid.

"5. Before the bringing of this suit he offered to deliver said piano and piano bench to the plaintiffs, if they were the owners thereof, but the plaintiffs have not been willing to accept them, though the said piano and piano bench are in equally as good condition as they were at the time the defendant attached them at said suits.

"6. In justice and in equity, said Ida K. Jokinen should be made a party to this suit, and be notified to make such claim as she may have for the piano and piano bench, as otherwise the defendant would be obliged to become involved in suits with different persons about the same property, and be compelled to pay damages to which he should not be subjected to in all justice and equity.

"7. The defendant hereby offers to bring said piano and piano bench into court to be dealt with in accordance with the orders of this court, or if more preferable because of the bulk of the property in question, the defendant with

the court's consent is willing to have the property remain at said No. 53 Fox Street, without any storage or fees for the keeping thereof, until the court has made an order to deliver said property to such person or persons as may be entitled to it.

"Wherefore, the defendant prays:

"1. That a process or subpoena may issue out of this court addressed to and to be served by a proper officer therefor, for the appearance in court in this case of said Ida K. Jokinen, requiring her to show what claims, if any, she has for the said piano and piano bench.

"2. That the plaintiffs and said Ida K. Jokinen may be ordered to interplead and settle among themselves their rights or claims to the said piano and piano bench.

"3. That the defendant may be discharged from all further liability in this case."

Other proceedings in the District Court are described in the opinion.

After finding for the plaintiff in the sum of $300 and interest, the judge reported to the Appellate Division for the Western District his rulings respecting the petition for interpleader. The report was ordered dismissed. The defendant appealed.

*J. G. Annala*, for the defendant.

*S. M. Salny*, for the plaintiff.

CROSBY, J. This is an action of tort for the conversion of a player piano and piano bench. The plaintiff named in the writ, when originally issued, was the Conway Financing Company. The defendant filed a demurrer and a motion to dismiss. The grounds alleged in the demurrer were (1) that the court had no jurisdiction of the plaintiff; (2) that the plaintiff was not entitled to and has no power to bring suit; (3) that it does not appear that the plaintiff has a residence, domicil or place of business anywhere; (4) that the declaration did not set forth a cause of action; and (5) that the various counts were repetitions of each other. The grounds alleged in the motion to dismiss were the same as the first three grounds of demurrer above stated. The plaintiff filed a motion to substitute as parties

plaintiff the present plaintiffs. At the hearing on the demurrer and motions, the judge allowed the plaintiff's motion to substitute and overruled the defendant's demurrer and motion to dismiss. The plaintiff waived the second count of the declaration. To the amended writ and declaration the defendant on December 20, 1928, filed a petition of interpleader. The plaintiffs filed a motion that the petition of interpleader be dismissed. On January 23, 1929, the judge allowed the petition, and on the same day overruled the plaintiffs' motion to dismiss. On March 29, 1929, the judge vacated the order granting the interpleader as he was satisfied that his previous order was erroneous. The defendant requested that the action of the judge in reversing his previous order be reported, and thereafter filed an answer pleading a general denial and other defences, but not waiving the claim that he was entitled to maintain the petition of interpleader. The judge, after hearing the case on the merits, found for the plaintiff.

The right of the defendant to maintain a petition of interpleader is governed by G. L. c. 231, § 40. "The statute, authorizing this summary proceeding in actions at law, does not alter the settled doctrines applicable to bills of interpleader . . . Interpleader lies only when the party is exposed to several actions for the same demand, while he is ready and willing to satisfy that demand in favor of the claimant who establishes his right thereto, and he himself claims no personal interest in the subject matter of the litigation. Between the claimants he should stand indifferent. If he denies and contests the right of one of them to share in the money due, or if he has incurred a personal liability to either of them, independent of the question between the claimants themselves, he is not entitled to relief by way of interpleader." *Gonia* v. *O'Brion,* 223 Mass. 177, 178, 179.

It is plain that the defendant is not within the law above stated. He does not stand indifferent between the parties. The action is brought against him for the conversion of personal property. To the declaration he answers denying every material allegation in the plaintiffs' writ and

declaration. The pleadings show that he is not a mere stakeholder; he is charged with being a tortfeasor. It must be assumed from the finding of the judge on the merits that the plaintiffs proved their title to the property and that the defendant converted it to his own use.

The judge had power to reverse what he deemed to be an error on his part in granting the petition for interpleader at any time before the case had gone to judgment. The record shows that the order of the court reversing its former order was entered before an answer had been filed, and before there was any hearing on the merits. It is obvious that the case was not ripe for judgment when the petition for interpleader was dismissed. If, as the judge stated, he was satisfied that his former action in allowing the interpleader was erroneous, it was within his power, before judgment, to correct the error without further hearing or notice to the parties. The language of this court in *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, at page 33, is pertinent in this connection. It was there said that "The power of a court is ample to correct its records so as to make them conform to the facts and to express the decision really intended to be made . . . But even if there was no mistake and the final conclusion of the judge was reached simply through more mature reflection and more careful consideration, there is no error of law. The court has power to reconsider its decision on the same facts, although this is a power rarely exercised."

In the cases relied on by the defendant where it was held that the court had no power to reverse its decision, it appeared that there had been an entry of final judgment. See *Zeitlin* v. *Zeitlin*, 202 Mass. 205; *Shawmut Commercial Paper Co.* v. *Cram*, 212 Mass. 108; *Wright* v. *Macomber*, 239 Mass. 98; *Burgess* v. *Burgess*, 256 Mass. 99.

*Order dismissing report affirmed.*