**PEARSON v. HOLDEN et al.**

No. 5153.

District Court, D. Massachusetts.

May 17, 1932.

Henry Parkman, Jr., of Boston, Mass., for plaintiff.

Scaife, Robbins, Fullerton & Noyes, of Boston, Mass., for defendants.

McLELLAN, District Judge.

This is an action at law by the receiver of the Federal National Bank of Boston on a check for $2,554.50, payable to the order of "Federal National Bank of Boston A/C Lawrence Trust Co., Commercial Account," against the drawers of the check.

The plaintiff avers in substance that upon receipt of this check the payee credited the amount thereof to Lawrence Trust Company and on the same day paid out on order of the latter funds in excess of the amount of the check, and all other credits of Lawrence Trust Company. For aught that appears to the contrary, the Federal National Bank became a holder in due course of this check. Boston Steel & Iron Company v. Steuer, 183 Mass. 140, 66 N. E. 646, 97 Am. St. Rep. 426; Russell v. Bond & Goodwin, Incorporated (Mass.) 177 N. E. 627.

The defendants, acting presumably under section 274b of the Judicial Code (28 USCA § 398), permitting equitable defenses to be interposed, filed a petition in the nature of interpleader, alleging in substance that the Lawrence Trust Company sent to them certain certificates of stock standing in the name of Stephen H. Brennan, duly indorsed by him, with instructions to the defendants to sell the stock and deposit the proceeds in the Federal National Bank of Boston to

the account of the Lawrence Trust Company. The petition avers that the stock was sold and the check for the net proceeds thereof deposited with the Federal National Bank of Boston, A/C Lawrence Trust Company, in accordance with the instructions given to the defendants by the Lawrence Trust Company, and that on the following day, having learned that both trust companies were in financial difficulties, defendants stopped payment on the check.

The petition alleges further that the commissioner of banks of the commonwealth of Massachusetts, now in possession of the property and business of the Lawrence Trust Company, and Stephen H. Brennan, have made claim on the defendants for the whole or some part of the proceeds of the sale of the stock, and that the defendants have no interest in the subject-matter of the controversy. They offer to pay the amount of the check into court, pray that the commissioner of banks of the commonwealth of Massachusetts and Stephen H. Brennan be made parties defendant, and that upon the payment of the amount of the check into court, the defendants' liability may cease.

By virtue of the Judicial code, § 274b, the defendants should be granted the relief which they seek if the circumstances are such that a bill of interpleader by these defendants against the receiver of Federal National Bank of Boston, Lawrence Trust Company, and Stephen H. Brennan would lie. Liberty Oil Company v. Condon National Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232.

But this action is based upon a check, drawn by the defendants payable to Federal National Bank of Boston, A/C Lawrence Trust Company, Commercial Account, and the defendants, instead of standing in the position of stakeholders, have, by virtue of signing and delivering this check, promised to pay the amount thereof to Federal National Bank of Boston, whose affairs are now in the control of the plaintiff, as receiver.

The claims of the respondents, commissioner of banks having possession of the assets of the Lawrence Trust Company, and Stephen H. Brennan, are based, not upon the check, but upon something else. The plaintiff's right of recovery does not depend, necessarily, upon the validity or invalidity of the claim of the Lawrence Trust Company or the claim of Stephen H. Brennan. As stated above, the plaintiff may be a holder in due course of the check. Under these circumstances a bill of interpleader does not lie. National Life Insurance Company v. Pingrey, 141 Mass. 411, 6 N. E. 93; Conway v. Kenney, 273 Mass. 19, 172 N. E. 888.

The defendants' petition in the nature of interpleader is dismissed, and the motion based on such petition is denied.