Louis Barnett *vs.* Joseph Riceman & others.

Suffolk. January 8, 1936. — March 31, 1936.

Present: Rugg, C.J., Crosby, Field, Lummus, & Qua, JJ.

*Practice, Civil*, Interpleader. *Trustee Process.*

One, who had been charged as trustee in trustee process and, when made a defendant in another action, brought by an assignee of the defendant in the action by trustee process, filed in the second action a petition under G. L. (Ter. Ed.) c. 231, §§ 40, 141, to cause the judgment creditor in the action by trustee process to interplead, was a mere stakeholder in the second action and had no standing to object to rulings respecting the claims therein of either the plaintiff or the claimant.

The sole remedy of the judgment creditor in an action by trustee process, after the trustee had been charged and had failed to pay over the fund upon execution and demand, was by a writ of scire facias under G. L. (Ter. Ed.) c. 246, §§ 45–49; and he had no standing, in an action by a third person against the trustee in which he had been caused to interplead as a claimant, to claim the amount for which the trustee had been charged.

CONTRACT. Writ in the Municipal Court of the City of Boston dated September 14, 1934.

The defendant filed an answer and also a petition of interpleader to which one Greenfield and one Zeff filed answers and became parties defendant. The action then was heard by *Putnam,* J., who found for the plaintiff in the sum of $250. A report to the Appellate Division was ordered dismissed. All defendants appealed.

*J. Riceman,* for the defendants.

*L. F. Sullivan,* for the plaintiff.

FIELD, J. This action of contract was brought in the Municipal Court of the City of Boston against Joseph Riceman as sole defendant. The writ was dated September 14, 1934. The declaration as amended alleged that under an agreement between one Greenfield and one Barnet Lerner, Greenfield deposited with the defendant the sum of $250 to be paid to Jennie Lerner, wife of Barnet Lerner, if certain conditions of the agreement were performed. The declaration further alleged performance of the conditions, refusal of the defendant to pay said sum of money to Jennie Lerner on demand, and assignment by Jennie Lerner to the plaintiff of all her right, title and interest in said sum of money. The defendant by his answer pleaded general denial and payment, but admitted that the money was deposited with him and that he did not claim any right thereto, and stated that he did not know whether such money belonged to Greenfield or to one Zeff, who had recovered judgment in an action against Barnet Lerner and Jennie Lerner, and Joseph Riceman as trustee. The defendant also filed a petition of interpleader by which he admitted possession of such money, disclaimed any "interest in the subject matter of the controversy" and petitioned that Greenfield and Zeff be made parties defendant.

Each of them answered.  The only claim set up by the defendant Zeff in his answer was that he had recovered judgment in an action against Barnet Lerner and Jennie Lerner, defendants, and Joseph Riceman, trustee, and that "Due demand was made on the trustee by force of the execution."

The trial judge found that $250 was in the hands of the defendant Riceman under an agreement, as alleged by the declaration, that on August 28, 1934, Jennie Lerner assigned to the plaintiff by a writing under seal and for a valuable consideration all moneys coming to her from the defendant Riceman and that there was no merit in Greenfield's claim thereto.  The judge found also that on April 13, 1934, Zeff recovered a judgment in the amount of $525.65 against Barnet Lerner and Jennie Lerner in an action in which the defendant Riceman was summoned and charged as trustee, that on September 5, 1934, execution issued and that on October 15, 1934, "a deputy sheriff made demand upon Riceman thereunder, with no result." The judge ruled that this action "by Barnett as assignee of Lerner . . . operates . . . to give Barnett a better claim to the money than that of Zeff," and found for the plaintiff against the defendant Riceman in the sum of $250.

Requests by the defendants Riceman, Greenfield and Zeff for rulings of law were refused.  The judge at the request of all the defendants reported his "rulings and refusals to rule as requested" to the Appellate Division, which dismissed the report.  All the defendants appealed to this court, but the defendant Greenfield has waived his appeal.

There was no error in any ruling of the trial judge which is before us for review.  See *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445, 449.

No objection was made at any time to the petition of interpleader and the case must be dealt with as an action at law by the plaintiff against the defendant Riceman in which, by a petition of interpleader under G. L. (Ter. Ed.) c. 231, §§ 40, 141, Greenfield and Zeff as claimants to the money in the hands of the defendant Riceman were made

defendants.    See *Phillips* v. *Suffolk Savings Bank*, 219
Mass. 597, 601.    Compare *Conway* v. *Kenney*, 273 Mass.
19, 22–23.

The defendant Riceman by his petition of interpleader
disclaimed any right to the money admittedly in his hands
and by reason of this petition must be taken as standing
indifferent between the plaintiff and the defendant claim-
ants.    The trial was between those parties.    The defendant
Riceman placed himself in the position of a stakeholder.
As such a stakeholder he cannot be heard to object to rul-
ings with reference to the respective rights of the other
parties or to his liability to pay the money in his hands to
the prevailing party.    The rulings requested by the defend-
ant Riceman bore upon these matters and need not be
considered by us.    *Phillips* v. *Suffolk Savings Bank*, 219
Mass. 597, 600–601.    *Roberts* v. *United States Trust Co.*
234 Mass. 224, 230.    *Conway* v. *Kenney*, 273 Mass. 19, 22.
See also *National Life Ins. Co.* v. *Pingrey*, 141 Mass. 411,
414.    And since the defendant Greenfield has waived his
appeal, his requests for rulings require no consideration.

The request of the defendant Zeff for a ruling that "the
evidence of the demand on the defendant Riceman by
force of the execution entitles the defendant Zeff to judg-
ment in his favor as a matter of law" was refused rightly.
This defendant was bound by his answer.    *Underwood* v.
*Coolidge Ice Co.* 232 Mass. 124, 128.    By that answer he
set up no claim to the money in the hands of the defend-
ant Riceman apart from a judgment obtained by him in
the action against Barnet Lerner and Jennie Lerner and
the defendant Riceman as trustee, and a demand "made
on the trustee by force of the execution."    The facts found
by the judge with reference to the judgment, the charging
of the trustee, the issuing of an execution and the demand
made on the trustee by force thereof do not entitle the
defendant Zeff to a judgment in this action.    His sole
remedy to perfect his rights based upon those facts was to
sue out a writ of scire facias in the original action against
the trustee.    G. L. (Ter. Ed.) c. 246, §§ 45–49.    The method
prescribed by the statutes must be followed.    They contain

no provision enabling a judgment creditor in the position of the defendant Zeff to establish his rights under his attachment by trustee process on a petition of interpleader brought by the trustee. See *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182, 187.

Since, even if there was no valid assignment to the plaintiff of the money in the hands of the trustee, the defendant Zeff could not establish his right to such money in this proceeding, he was not aggrieved by the refusal of the trial judge to rule that the purported assignment to the plaintiff was invalid. For the same reason this defendant was not aggrieved by the ruling of the judge, above set forth, in favor of the plaintiff. The right of this defendant to a writ of scire facias against the trustee is not adjudicated by the decision of this case.

*Order dismissing report affirmed.*