DOROTHY KARP *vs.* THE FIRST NATIONAL BANK OF BOSTON.

Suffolk.     May 19, 1936. — September 9, 1936.

Present: CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Trustee Process.     Bank and Banking.*

A bank which, having no knowledge of the true ownership of a deposit standing in the name of a customer, upon being served with a writ in trustee process purporting to attach credits of a defendant other than the customer "whether standing in the name of the defendant and/or in the name of" the customer, notified the customer that it was holding his deposit as trustee thereunder and, the customer doing nothing, filed an answer stating that it had "an account standing in the name of" the customer and "no other" credits of the defendant, whereupon it was charged as trustee and paid out the deposit on execution, properly might be found remiss in the performance of its duty to the customer and liable to him in an action for the amount of the deposit upon proof that the deposit was his property.

CONTRACT.  Writ in the Municipal Court of the Roxbury District of the City of Boston dated October 23, 1935.

The action was heard by *Miles,* J., who found for the plaintiff in the sum of $48.87.  A report to the Appellate Division for the Northern District was ordered dismissed.  The defendant appealed.

*C. R. Walton,* for the defendant.

*H. Ginsberg,* for the plaintiff.

QUA, J.  This action is brought to recover the amount of two deposits in the defendant bank, both of which stood in the name of the plaintiff.

These facts are established upon a case stated: One Berman in an action by trustee process against Jacob Karp attached the credits of said Jacob in the hands of the bank "whether standing in the name of the defendant [Jacob] and/or in the name of Dorothy Karp," the present plaintiff. The bank at once notified Dorothy Karp of this attachment and that it was holding her deposits as trustee thereunder. Thereafter, in the trustee process, the bank answered that it had "an account standing in the name of Dorothy Karp" and "no other goods, effects or credits of the said defendant" Jacob Karp; the defendant Jacob Karp was defaulted; the bank was charged as trustee upon its answer; and upon execution issuing and demand by the officer, the bank paid to the officer the amount of the deposits standing in the name of the present plaintiff, Dorothy Karp.  The bank had no knowledge of the true ownership of the deposits except such as might have been inferred from the form of the accounts.  In fact both deposits were the sole property of the present plaintiff, Dorothy Karp.

On these facts the bank contends that the payment which it made on the execution in the trustee action against Jacob Karp is a defence to the present action by Dorothy Karp to recover her deposits.  It bases this contention upon the propositions (1) that if the deposits had in truth been the property of Jacob, though standing in the name of Dorothy, they could have been recovered by Jacob in an action of contract against the bank, *Broderick* v. *Waltham Savings Bank,* 109 Mass. 149, *Phillips* v. *Suffolk Savings Bank,* 219

Mass. 597, *Levin* v. *Lerner*, 290 Mass. 294, and therefore could have been held in a trustee process in which Jacob was the defendant and the bank the trustee, *Estabrook* v. *Earle*, 97 Mass. 302; and (2) that as the bank gave the plaintiff timely notice that it had been summoned as trustee with respect to funds standing in her name, the plaintiff should have protected herself by coming into the trustee process as a claimant and that after standing aside until the bank has been charged as trustee and has paid, she cannot now recover her deposits from the bank.   As authority for its second proposition the bank cites *Randall* v. *Way*, 111 Mass. 506.   See also *Wardle* v. *Briggs*, 131 Mass. 518; *Marvel* v. *Babbitt*, 143 Mass. 226; *Wilde* v. *Mahaney*, 183 Mass. 455; and compare *Butler* v. *Mullen*, 100 Mass. 453.

Ordinarily a party who has been charged as trustee and who has paid on execution in the trustee process is entitled to protection.   But such payment is not a defence to an action by one who is not a party to the trustee process and who is the true owner of the fund attached, if the trustee has not acted with reasonable caution in recognition of the owner's known rights or if he has needlessly imperilled the fund in his hands or unnecessarily subjected it to the attachment.   He has complete control of the situation through his answer as trustee, which must be taken to be true. G. L. (Ter. Ed.) c. 246, § 16.   He must not use his power arbitrarily.   Very likely in most cases prompt notice to the owner so that the owner can come in as a claimant is sufficient to relieve the trustee.   But we think there may be circumstances in which the duty of the trustee is not wholly ended with the giving of notice and in which a proper regard for the rights of others should still restrain him from making an inadequate, equivocal or careless answer.   At least he ought not to go beyond the requirements of self protection and make admissions which he has no reason to believe true.   It is here expressly stated that the bank had no knowledge of the true ownership of the fund except such as might have been inferred from the form of the account.   The only reasonable inference from the form of the account was that the deposits were the property of Dorothy Karp and not

of Jacob Karp. Yet to a writ which purported to attach credits of Jacob standing in Dorothy's name the bank answered without further explanation that it had an account standing in Dorothy's name and that it had no other credits of Jacob in its hands. The bank could have answered that it had no knowledge that the account which stood in Dorothy's name was the property of Jacob. It could have avoided all implication that Dorothy's account belonged to Jacob. See *Jordan Marsh Co.* v. *Hale,* 219 Mass. 495, 497. Dorothy Karp had no reason to suppose that the bank would answer in such manner as to prejudice her rights and therefore she had no reason to be apprehensive. The facts stated support, if they do not require, the inference that the bank was remiss in the performance of its duty to the plaintiff in that it needlessly adopted a form of answer which resulted in charging it as trustee and which, if the defence should prevail in this action, would further result in applying Dorothy's money to pay Jacob's debt.

This situation has been touched upon in several cases in this Commonwealth: *Hull* v. *Blake,* 13 Mass. 153; *Wilkinson* v. *Hall,* 6 Gray, 568; *Burns* v. *Marland Manuf. Co.* 14 Gray, 487; *Whipple* v. *Robbins,* 97 Mass. 107; *Eddy* v. *O'Hara,* 132 Mass. 56, 62. Mention may also be made of *Bunker* v. *Gilmore,* 40 Maine, 88, *Gale* v. *Barnes,* 66 N. H. 183, and the cases collected in 45 Am. L. R. 655–658, 660–664.

It is immaterial whether the court in the trustee action did or did not make a specific "finding" that the funds standing in Dorothy's name were funds of Jacob. The trial judge in this action did not deny to the judgment in that action its full legal force.

*Order dismissing report affirmed.*