No. 134488 Municipal · Suffolk, ss.

HERMAN, p. p. a. (Harold Aronofsky)
v. PILGRIM TRUST CO.
 (Francis T. Leahy, Edmund P. Keleher)

From the Municipal Court of Boston—Adlow, J.

Argued April 14, 1941—Opinion Filed July 10, 1941

CARR, J. (Putnam, C. J., & Barron, J.)—This action is brought to recover the sum of $67.51. The defendant relies on payment of this sum on an execution issued in an action by trustee process brought by Brown et al against Isaac Herman in which this defendant (Pilgrim Trust Company) was summoned as trustee of the defendant Isaac Herman's goods, effects and credits "whether standing in his name" "or standing in the name of Sidney Herman (this plaintiff) doing business as Bay State Beef & Provision Company." Stated briefly the trustee in this action (defendant in this action) by answer to interrogatories and by amended answer to the writ denied that it had funds of the defendant in that action but stated that it did have standing in the name of Sidney Herman (plaintiff in this action) doing business as stated the sum of one hundred and ten dollars.

The plaintiffs thereafter filed an unsigned document apparently entitled "Allegations of Fact" which if true would establish that Isaac Herman and not Sidney Herman owned the credit of $110. The allegations after notice to the trustee were set for hearing and the trustee not appearing was defaulted and adjudged trustee. The plaintiffs, Brown et al, recovered judgment against Isaac Herman for damages and costs amount-

ing to $62.41, execution was issued and on demand by a duly qualified officer the trustee (this defendant) paid over $67.51 out of the sum of $110 then in its possession standing in the name of Sidney Herman doing business as stated (this plaintiff). It was admitted that Sidney Herman owned the fund of $110.

It should be made clear that in this plaintiff we are not dealing with a person claiming under the defendant in the trustee proceeding. We are dealing with a person, independent of that defendant, who had funds on deposit entirely his own, an innocent bystander, so to speak, who had the misfortune to be brought into the action by trustee process by an allegation in the writ calling for his funds to be held as the funds of that defendant. We are also dealing only with the situation arising in the pending case and the issues raised by the plaintiff's requests for rulings.

The plaintiff's first request for ruling is as follows: "On all the evidence, as a matter of law, there must be a finding for the plaintiff." . This is the only request which raises a pertinent issue in this case.

As the plaintiff in this case in his connection with the trustee process did not claim under the defendant and was not a party to the proceedings, we should have had no difficulty in holding that he was not bound by the judgment in the trustee proceedings and that the requested ruling should have been given, if he had not had knowledge of those proceedings.

We are, however, confronted with the fact that the plaintiff in this case did have knowledge of the trustee proceedings. The further question thus arises as to whether he is estopped by the judgment in the trustee proceedings because of that knowledge. The only basis for ruling that the plaintiff was not bound by the trustee proceedings, and for giving the plaintiff's first request, would be either

. A. That he (not being a claimant under the defendant) could not be bound if not actually a party notwithstanding his knowledge, or

B. That on the evidence it must be found that he (not being a claimant under the defendant) was not estopped by the judgment notwithstanding his knowledge.

As to the first proposition there is authority that if the possible claimant is not a party or if having become a party he withdraws he is not bound. *Freeman Judgments,* 5th Ed. Sec. 845. *Black Judgments,* Sec. 576. (2nd Ed.).

The second proposition we think presents two possibiliites.

If the plaintiff was a minor we are satisfied that he could not have been estopped by the judgment in the trustee proceedings to which he was not a party notwithstanding his knowledge. In this Commonwealth estoppel *in pais* is not applicable to a minor. *Knudson* v. *General Motorcycle Sales Co., Inc.,* 230 Mass. 54.

Considering the second proposition with the assumption

that the plaintiff is an adult, it still might have been found that the plaintiff was not estopped by the judgment in trustee process. The facts in the *Karp* case (supra) are similar to those in the pending case except that in the *Karp* case the trustee made a somewhat ambiguous answer while in this case the trustee by answers to interrogatories and by its amended answer to the writ after the answers to interrogatories were filed made the situation reasonably clear. There is no clear cut statement in the *Karp* case as to the duties of such a third person who has knowledge that his funds have been attached. We conclude that the decision means that. it is the duty of such a person to come in as a party claimant and that if he does not do so he takes a chance on the conduct of the alleged trustee,—that if the trustee acts properly and is nevertheless charged and pays on the ensuing judgment, the owner of the funds loses them, but if the trustee does not act properly the owner does not lose them.

If that is the meaning of the *Karp* case it would be necessary to determine whether the present defendant, trustee in the trustee proceeding, used due care in protecting the interests of the present plaintiff. It gave notice to this plaintiff that his funds had been attached, though it did not suggest that the plaintiff come in and defend them. It finally filed answers impeccable from the standpoint of the *Karp* case. Thereafter, the plaintiffs in the trustee proceedings filed the document entitled, "Allegations of Fact" designed to show that the deposit in the name of this plaintiff in fact belonged to Isaac Herman. The trustee was notified that a hearing would be had on the allegations. Knowledge of this document should have warned the trustee that the plaintiff in the trustee proceedings was not satisfied to leave the question of ownership on the trustee's answers alone. The question then arises whether in the exercise of reasonable caution in recognition of the present plaintiff's known rights, the trustee at this point should have notified the owner to come in as claimant to protect his funds or itself have moved to make him a party claimant. Nor was the defendant bound to pay over the funds on demand of the officer but could have awaited *Scire Facias* proceedings at which time the present plaintiff could have come in as claimant. *Shawmut Commercial Paper Co.* v. *Benjamin H. Cram et al,* 212 Mass. 108. This also is to be considered on the question whether the trustee was using due care to protect the funds of this plaintiff.

Whatever the trial judge might have found, in none of these situations could the judge have ruled that the plaintiff was not estopped by the judgment. So the plaintiff's first request could not have been given.

The plaintiff did not correctly analyze his case and failed. to present to the judge the real issues. There is no error in the way the judge dealt with the issues presented,

Report dismissed.