Carr, J.
This action is brought to recover the sum of $67.51. The defendant relies on payment of this sum on an execution issued in an action by trustee process brought by Brown et al. against Isaac Herman in which this defendant (Pilgrim Trust Company) was summoned as trustee of the defendant Isaac Herman’s goods, effects and credits “whether standing in his name” . . . “or standing in the name of Sidney Herman (this plaintiff) doing business as Bay State Beef & Provision Company.” Stated briefly the trustee in that action (defendant in this action) by answer to interrogatories and by amended answer to the writ denied that it had funds of the defendant in that action but stated that it did have standing in the name of Sidney Herman (plaintiff in this action) doing business as stated the sum of one hundred and ten dollars.
*364 The plaintiffs thereafter filed an unsigned document apparently entitled “Allegations of Fact” which if true would establish that Isaac Herman and not Sidney Herman owned the credit of one hundred and ten dollars. The allegations after notice to the trustee were set for hearing and the trustee not appearing was defaulted and adjudged trustee. The plaintiffs, Brown et al., recovered judgment against Isaac Herman for damages and costs amounting to $62.41, execution was issued and on demand by a duly qualified officer the trustee (this defendant) paid over $67.51 out of the sum of $110. then in its possession standing in the name of Sidney Herman doing business as stated (this plaintiff). It was admitted that Sidney Herman owned the fund of $110.
It should be made clear that in this plaintiff we are not dealing with a person claiming under the defendant in the trustee proceeding. We are dealing with a person, independent of that defendant, who had funds on deposit entirely his own, an innocent by-stander, so to speak, who had the misfortune to be brought into the action by trustee process by an allegation in the writ calling for his funds to be held as the funds of that defendant. We are also dealing only with the situation arising in the pending case and the issues raised by the plaintiff’s requests for rulings.
The plaintiff’s first request for ruling is as follows: “On all the evidence, as matter of law, there must be a finding for the plaintiff”. This is the only request which raises a pertinent issue in this case. The other requests will be considered later.
As the plaintiff in this case in his connection with the trustee process did not claim under the defendant and was not a party to the proceedings, we should have no difficulty *365 in holding that he was not bound by the judgment in the trustee proceedings and that the requested ruling should have been given, if he had not had knowledge of those proceedings.
According to the Statute the action by trustee process is designed to attach and hold to respond to final judgment the goods, effects or credits of the defendant in the possession of the person summoned as trustee. Gen. Laws (Ter. Ed.) Ch. 246. sec. 20.
The Statute “gives the right to attach property in the hands of a third person only when the property belongs to the principal defendant”. S. S. Pierce Co. v. Fiske, 237 Mass. 39, 41.
According to the Statute a judgment against a trustee, in this proceeding, discharges him from all demands by the defendant, his executors or administrators, for all goods, effects and credits paid, delivered or accounted for by the trustee by force of such judgment. Section 43.
And this is held to include persons claiming under the defendant. It may be assumed that such persons have their remedy where warranted against the person under whom they claim. Wilde v. Mahoney, 183 Mass. 455, 459, Jordan Marsh Co. v. Hale, 219 Mass. 495, Randall v. Way, 111 Mass. 506.
But there is no alchemy in a trustee process to transmute the property of Sidney into the property of Isaac. A judgment in personam binds only parties and privies. Giedrewicz v. Donovan, 277 Mass. 563, 565, Hawes v. Waltham, 18 Pick. 451, Wardle v. Briggs, 131 Mass. 518.
We are, however, confronted with the fact that the plaintiff in this case did have knowledge of the trustee proceedings. The further question thus arises as to whether *366 he is estopped by the judgment in the trustee proceedings because of that knowledge.
In section 197 of Bowers on Res Judicata 1924 it is said: “For the purpose of estoppel per rem judicatum, a ‘party’ means not only a person named as such, but also one who intervenes ” . . ., “ or who, being cognizant of the proceedings and of the fact that a party thereto is professing to act in his interests, allows his battle to be fought by that party, intending to take the benefit of his championship in the event of success”.
The only basis for ruling (not finding) that the plaintiff was not bound by the trustee proceedings, and for giving the plaintiff’s first request, would be either
A. That he (not being a claimant under the defendant) could not be bound if not actually a party notwithstanding his knowledge, or
B. That on the evidence it must be found that he (not being a claimant under the defendant) was not estopped by the judgment notwithstanding his knowledge.
As to the first proposition there is authority that if the possible claimant is not a party or if having become a party he withdraws he is not bound. Freeman Judgments, 5th Ed. Sec. 845, Black Judgments, Sec. 576. (2nd Ed.) If this is not the law as to the innocent third persons, an interesting question would arise as to the rights of such an independent owner of funds who moves to be made a party claimant and whose motion for some reason is denied.
The Massachusetts case which approaches nearest to the situation here presented is Karp v. First National Bank, 295 Mass. 365. We shall analyze it in greater detail later. It would not, however, have been necessary to rest this decision on the elaborate argument in that case, if the owner *367 of the funds with knowledge of the trustee proceedings were not bound by the judgment because he was not a party. In this state of the law we do not feel warranted in upholding this first proposition.
The second proposition we think presents two possibilities.
If the plaintiff was a minor we are satisfied that he could not have been estopped by the judgment in the trustee proceedings to which he was not a party notwithstanding his knowledge. In this Commonwealth estoppel in pais is not applicable to a minor. Knudson v. General Motorcycle Sales Co., Inc., 230 Mass. 54. ISTor even if a party to an action is he bound by the judgment unless represented by a guardian ad litem. By some process he may avoid the judgment. Johnson v. Waterhouse, 152 Mass. 585, Farris v. Richardson, 6 Allen 118. cf. MacEachern v. S. S. White Dental Mfg. Co., 304 Mass. 419, 421. Whatever may be the general rule as to the binding effect upon minors of judgments obtained in actions in which they have been brought before the court by proper service of process, whether binding, voidable or void, cf. Freeman, Judgments, 5th Ed. Sections 1207, 1265, cf. Black, Judgments, Sec. 193, Sec. 194, (2nd Ed.) it does not apply where they are not parties. Estoppel of a minor because of his knowledge of proceedings is inconsistent with the protection given by the law in this jurisdiction to infancy.
The difficulty with this situation as applied to this plaintiff is that we cannot assume, especially in view of the finding for the defendant, that infancy was proved. It is true that formerly the guardian ad litem or next friend was admitted to represent the minor only after preliminary hearing by the court, Miles v. Boyden, 3 Pick. 213, 219, and that now he comes in by mere recital in the pleadings. *368 Butler v. Winchester Home for Aged Women, 216 Mass. 567, 568. Nevertheless, the allegation of infancy does not prove itself.
Considering the second proposition with the assumption that the plaintiff is an adult, it still might have been found that the plaintiff was not estopped by the judgment in trustee process. The facts in the Karp case (supra) are similar to those in the pending case except that in the Karp ease the trustee made a somewhat ambiguous answer while in this case the trustee hy answers to interrogatories and hy its amended answer to the writ after the answers to interrogatories were filed made the situation reasonably clear. There is no clear cut statement in the Karp case as to the duties of such a third person who has knowledge that his funds have been attached. We conclude that the decision means that it is the duty of such a person to come in as a party claimant and that if he does not do so he takes a chance on the conduct of the alleged trustee, — that if the trustee acts properly and is nevertheless charged and pays on the ensuing judgment, the owner of the funds loses them, but if the trustee does not act properly the owner does not lose them.
If that is the meaning of the Karp case it would be necessary to determine whether the present defendant, trustee in the trustee proceeding, used due care in protecting the interests of the present plaintiff. It gave notice to this plaintiff that his funds had been attached, though it did not suggest that the plaintiff come in and defend them. It finally filed answers impeccable from the standpoint of the Karp case. Thereafter, the plaintiffs in the trustee proceedings filed the unsigned document entitled, “Allegations of Fact” designed to show that the deposit in the name of this plaintiff in fact belonged to Isaac Herman. Assum *369 ing that the document was defective because unsigned, it was a defect readily cured by amendment. The trustee was notified that a hearing would be had on the allegations. Knowledge of this document should have warned the trustee that the plaintiff in the trustee proceedings was not satisfied to leave the question of ownership on the trustee’s answers alone. The question then arises whether in the exercise of reasonable caution in recognition of the present plaintiff’s known rights, the trustee at this point should have notified the owner to come in as claimant to protect his funds or itself have moved to make him a party claimant. Nor was the defendant bound to pay over the funds on demand of the officer but could have awaited Scire Facias proceedings at which time the present plaintiff could have come in as claimant. Shawmut Commercial Paper Co. v. Benjamin H. Cram & another & trustees, 212 Mass. 108, 110. This also is to be considered on the question whether the trustee was using due care to protect the funds of this plaintiff.
Whatever the trial judge might have found, in none of these situations could the judge have ruled that the plaintiff was not estopped by the judgment. So the plaintiff’s first request could not have been given.
We turn now to the plaintiff’s other requests. From the foregoing discussion of the real issues involved in this case, we think that the 3rd and 4th requests are immaterial and properly denied. The 2nd request appears to call for a finding of fact which was determined against the plaintiff. It must be considered in connection with the 6th request which in another form raises substantially the same question. As rulings of law both were properly denied. The burden is not on the trustee to show that he is not charge *370 able but the plaintiff must affirmatively prove that he is chargeable. Porter v. Stevens, 9 Cushing 530, 535, 536, Cardany v. New England Furniture Co., 107 Mass. 116, 117, Butler v. Butler, 162 Mass. 524, 526. In the language of the Statute the answers of the trustee shall be considered true . . . “but either party may allege and grove any facts material in determining such question and not stated or denied by the trustee. ” Sec. 16. The giving of the 5th request was sufficiently favorable to the plaintiff. He cannot and does not complain of this action. There is no question that the 7th request was rightly denied.
The plaintiff did not correctly analyze his case and failed to present to the judge the real issues. There is no error in the way the judge dealt with the issues presented. Report dismissed.