*Municipal Court of the City of Boston*

No. 365022

**ROYAL TIRE COMPANY**

v.

**JOHN TERRIO**
**AND**
**SUN OIL COMPANY, TRUSTEE**

(June 24, 1954)

*Roberts, J.* This is an action of contract commenced by trustee process in which the plaintiff seeks to recover $163.36 for goods sold and delivered to the defendant. The defendant was defaulted.

The trustee, Sun Oil Company, was served on May 22, 1953 at 3:25 p.m. and duly filed the following answer:—

"The Sun Oil Company by its duly authorized officer says that at the time of service of the Plaintiff's writ upon it it had in its hands and possession a credit of $75.00 standing in the name of the principal Defendant, but that prior to said service of the Plaintiff's writ the Sun Oil Company received a document signed by the principal Defendant reading as follows:—

'Sun Oil Co.
P. O. Box 2
Revere, Mass.
Gentlemen:

I hereby relinquish any and all money due me after complete settlement of my account. All money due me will be turned over to Mr. Joseph Buchhalter, 46 Brown St., Brookline, Mass.

Yours very truly,
John T. Terrio'

And furthering answering the Sun Oil Company says that it is in doubt whether or not it is chargeable as a trustee of the principal Defendant on the foregoing facts, and respectfully submits the same for the determination of this Honorable Court.

*Wherefore*, the Sun Oil Company submits itself to the jurisdiction of this Honorable Court and to an examination upon oath, and prays for its dismissal.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

SUN OIL COMPANY
By /s/ H. W. Miruk"

On July 10, 1953 the trustee filed an amendment to its answer striking out the amount of $75.00 and substituting the sum of $221.29 therefor. This motion was assented to by the plaintiff and allowed by the court. On the same date Joseph Buchhalter filed a motion to be admitted as adverse claimant to the fund, and after hearing was so admitted, and on November 12, 1953, filed a statement of his claim setting forth that he was entitled to the fund by virtue of a prior assignment of the fund to him by the defendant as set forth under oath by the defendant.

Subsequently, a proceeding was held under the provisions of G. L. c. 246, §33, at which the allegations of Buchhalter, the adverse claimant, were tried and determined, (G. L. c. 246, §17) after

which the court made the following order—"Adverse Claimant's claim maintained. Trustee discharged".

The case is here because of the court's denial of certain requests for rulings made by the plaintiff.

At the trial the trustee's answers were admitted and oral testimony was taken (G. L. c. 246, §33) from which the trial court could have found the following facts: Buchhalter, the adverse claimant, had a mortgage on all the personal property and fixtures located on the premises of the defendant Terrio. Terrio had a running account with the trustee, Sun Oil Co., which in turn had a claim to certain personal property located on Terrio's property.

Before service of the writ a meeting was held upon the premises of the defendant at which an arrangement was made between Buchhalter and Sun Oil Co. as a result of which Sun Oil Co. was permitted by Buchhalter to remove certain goods (which Buchhalter's mortgage appeared to cover) in consideration for which Sun Oil Co. agreed that it would account to the claimant for any surplus in its hands after applying the sums realized on goods removed against the balance due to the trustee from the defendant.

The answer filed by Sun Oil Co. as trustee, indicates that Terrio assented to such an arrangement for he relinquished his claim to any money due him, after accounting, to Buchhalter, the adverse claimant.

Some of the plaintiff's requests which were denied were based on the assumption that the answer filed by the trustee was unqualified and therefore conclusive on the parties. *Phillips v. Meagher*, 166 Mass. 152. These requests were rightly denied for it could not be so ruled. The answer only admits a credit standing in the name of the principal defendant and further sets forth the written consent of the defendant "relinquishing all money due" to Buchhalter and after stating doubts as to whether it is chargeable submits itself to examination and prayer for dismissal. This is a type of answer which is not unusual and properly brings the case within the pro-

visions of G. L. c. 246, §17. See *Karp v. First National Bank,* 295 Mass. 365.

Most of the reminder of the plaintiff's requests were in effect ruled to be inapplicable because of the court's special finding of fact that the adverse claimant acquired a right to the sum held by the trustee by an arrangement with the trustee and assented to by the defendant. *Reid v. Doherty,* 273 Mass. 388. *Kelsey v. Hampton Court Hotel,* 327 Mass. 150.

It is true that both parties are bound by the answer of the trustee, but its answer as pointed out is inconclusive and without further interrogation or oral evidence neither party could sustain a burden of proving ownership to the fund. *Arlington Trust Co. v. LeVine,* 291 Mass. 245. See *Brady v. Lichter,* 328 Mass. 124.

*Report Dismissed.*

Sheff & Gens, for the plaintiff.
John St. Andre, for the defendant.

*Municipal Court of the City of Boston*